**Richard SHARVY, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 77–1869.

United States Court of Appeals, Ninth Circuit.

Dec. 30, 1977.

Rehearing Denied Jan. 26, 1978.

Richard Sharvy, pro se.

Anthony Ilardi, Jr., Washington, D. C., for respondent.

Before HUFSTEDLER, SNEED and KENNEDY, Circuit Judges.

PER CURIAM:

Sharvy appeals from a Tax Court determination that he was not eligible to use the income averaging provisions of IRC § 1301 et seq. on his tax return for 1969 because he had not provided over one-half of his own support for all four base period years as required by IRC § 1303(c)(1). Sharvy's major source of income during these base period years was a tax-exempt NDEA graduate fellowship for study at Wayne State University. He argues that the fellowship was income to him out of which he furnished his own support. We acknowledge the logical force of his argument, but must reject it because of the specific legislative history which shows that Congress did not intend for students recently supported by tax-exempt fellowships to receive the benefits of income averaging.

Congress specifically indicated its concern "that the individual be a member of the labor force in both the computation year and in the 4 base period years." H.Rep.No. 749, 1964–1 Cum.Bull. (Part 2) 238, U.S. Code Cong. & Admin.News 1964, p. 1423. The support requirement was put in to achieve this result. The Congress, however, did provide for specific exceptions to the support requirement. Among these exceptions is one which provides the support requirement will not apply to a taxpayer age 25 or older, who has not been a full-time

student for at least four taxable years since he attained age 21. IRC § 1303(c)(2)(A). The purpose of this exception is to not "exclude from the benefits of income averaging an individual who, although in the labor force, was unemployed in all or part of the base period years." H.Rep.No.749, 1964–1 Cum.Bull. (Part 2) 238, U.S.Code Cong. & Admin.News 1964, p. 1423. However, the language of this exception clearly reflects the Congressional intent to prevent students from arguing that they come within the category of unemployed. The House report went on to make the statement that "[g]enerally, individuals age 25 or over will be eligible for averaging so long as they have been out of school for at least four years." H.Rep.No.749, 1964–1 Cum.Bull. (Part 2) 238, U.S.Code Cong. & Admin. News 1964, p. 1423. This legislative history clearly shows that the support requirement was designed to prevent recent graduates supported by tax-exempt fellowships from using income averaging.

In *Heidel v. CIR*, 56 T.C. 95 (1971) the Tax Court ruled that receipt of a college football scholarship did not qualify as providing one's own support, relying on the legislative history detailed above. Appellant's attempts to distinguish *Heidel* are unpersuasive. The difference in the manner in which the grant was awarded, room, board and books in kind in *Heidel* and a lump sum cash payment in the instant case, does not change the critical fact that both taxpayers were students and not members of the labor force at the time they received their grants. Therefore, we confidently follow the *Heidel* ruling and hold that a tax-exempt graduate fellowship is not support the recipient provides for himself, but is a form of support furnished to him by another.

AFFIRMED.