EVAN C. JOLITZ AND VIRGINIA A. JOLITZ, PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 8971–78.    Filed January 23, 1980.

Evan C. Jolitz and Virginia A. Jolitz, pro se.
*Albert B. Kerkhove,* for the respondent.

OPINION

TIETJENS, *Judge:* Respondent determined a deficiency of
$7,305.87 in petitioners' Federal income tax for 1974. The only
issue for our determination is whether petitioner Evan C. Jolitz
furnished at least one-half of his support during the taxable
years 1970, 1972, and 1973, making him an "eligible individual"
under section 1303(c)(1) to compute his 1974 Federal income tax
liability under the income averaging provisions of sections 1301
through 1305.[1]

This case was fully stipulated pursuant to Rule 122, Tax Court
Rules of Practice and Procedure. The stipulation and attached
exhibits are incorporated herein by reference.

At the time they filed their petition, petitioners Evan C. Jolitz
(hereinafter Evan) and Virginia A. Jolitz (hereinafter Virginia)
resided at Wahoo, Nebr. Petitioners, cash basis taxpayers, timely
filed a joint Federal income tax return with the Cincinnati
Service Center, Covington, Ky.

During the 5 years ending with 1974, Evan was a full-time

---

[1] All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the
year in issue, unless otherwise stated.

In order for a husband and wife, filing a joint return for the computation year, to receive the
benefits of income averaging, they must each be eligible individuals. Sec. 1.1303–1(a), Income Tax
Regs.

Petitioners concede that petitioner Evan C. Jolitz does not fall within any of the exceptions of sec.
1303(c)(2). They stipulate that during 1974, Evan had not attained age 25 and, during the 5 years
ending with 1974, he was a full-time student; that less than one-half of Evan's taxable income for
1974 was attributable to work performed by him in substantial part during 2 or more years, 1970
through 1973; and that more than 25 percent of the aggregate adjusted gross income reported by
petitioners for 1974 was attributable to Evan.

student, first at Xavier University (hereinafter Xavier) throughout the academic years 1969–70 and 1970–71, and then at the University of Cincinnati (hereinafter U. Cin.) throughout the academic years 1971–72, 1972–73, and 1973–74. Xavier provided him with athletic scholarships for his tuition, room and board, books and fees; U. Cin. gave him athletic scholarships for his tuition, room and board, books, and incidentals. Both parties agree that these athletic scholarships were properly excludable from income under section 117 for the years 1970 through 1974.

Evan filed individual Federal income tax returns for the taxable years 1970 through 1973 in which he reported, respectively, $703, $1,825.55, $640.47, and $615.51 as his adjusted gross income. The parties have stipulated that during the years 1970, 1972, and 1973, the value of the athletic scholarships received by Evan exceeded the total amount otherwise furnished or used for his support.

For the taxable year 1974, petitioners reported adjusted gross income of $54,429.57, comprised of $57,341 wages (of which $52,158.37 was earned by Evan and $5,182.86 by Virginia), $607.57 interest, and a loss of $3,519 incurred by Evan. The total of the wages was rounded on petitioners' 1974 return.

Petitioners contend that the support requirements of section 152 should be applied to determine support under the income averaging provisions of sections 1301 through 1305 so that the athletic scholarships Evan received in 1970, 1972, and 1973 should be disregarded in determining whether Evan furnished more than one-half of his support during those years. Petitioners argue that our decisions in *Heidel v. Commissioner*, 56 T.C. 95 (1971), and in *Sharvy v. Commissioner*, 67 T.C. 630, affd. per curiam 566 F.2d 1118 (9th Cir. 1977), did not determine whether a scholarship should be excluded in computing support but only that the scholarship or fellowship in question could not be considered support furnished by the taxpayer for himself.

Respondent, by contrast, maintains that Evan is not an eligible individual entitled to compute his income tax liability under the provisions of sections 1301 through 1305 for the taxable year 1974 because he received scholarships in 1970, 1972, and 1973 exceeding the total amount otherwise furnished for his support. Respondent asserts that section 1.1303–1(c), Income Tax Regs., does not refer to the support test of section 152, and that

*Sharvy* supports respondent's position that scholarships are includable in determining the amount of a taxpayer's support.

We agree with respondent.

Sections 1301 through 1305 provide income averaging relief to eligible individuals. Because it is a relief statute, sec. 1301, et seq., must be given close scrutiny and not a liberal interpretation. *Frost v. Commissioner*, 61 T.C. 488 (1974); *Sharvy v. Commissioner, supra.*

Section 1303(c)(1) provides that an individual who for any base period year furnishes less than one-half of his support is not an eligible individual for the computation year. Section 152(d) provides that where a taxpayer's child is a student, the amounts received as scholarships for study shall not be considered in determining whether the child received more than one-half of his support from the taxpayer seeking to claim the child as a dependent.

Petitioners urge us to apply the exception under section 152(d) to determine whether Evan is an "eligible individual" in 1974. While it is true, as petitioners express in their brief, that originally the regulations under section 1303 cross-referenced to the rules of section 152, the regulations in effect in the taxable year at issue contain no such reference.[2] Moreover, both *Heidel* and *Sharvy* were decided under the regulations in effect before 1972; nevertheless, both found that the exception for scholarships in determining dependency exemptions under section 152 was immaterial to the issue of whether the value of a scholarship should be considered support by the recipient or by the grantor under section 1303.

Petitioners attempt to distinguish *Heidel* by stating that we merely held that the grant furnished the taxpayer by the college was not support furnished by the taxpayer himself, but that we did not specifically state that the grant must be included to determine the amount of support furnished for the taxpayer. Petitioners assert it was Heidel's parents' support that was his undoing and that Heidel, having furnished no other support for

---

[2]Before T.D. 7196, 1972–2 C.B. 499, 502, which deleted this sentence, the regulations, under sec. 1.1303–1(c)(1), Income Tax Regs., provided in part:

"For purposes of determining, under section 1303(c)(1) and this paragraph, whether or not an individual supplied, for a given taxable year, 50 percent or more of his support, the rules of section 152 and the regulations thereunder shall be applied. [T.D. 6885, 1966–2 C.B. 307, 317.]"

himself, needed the scholarship to be identified as support from him in order to prevail.

Implicit, however, in our holding in *Heidel* that a fellowship is considered support by the grantor is that it is included in computing the total support furnished a taxpayer. In *Sharvy,* too, we rejected a similar argument and refused to find a meaningful difference between Heidel's parents' partial support and taxpayer's lack of such support.

Petitioners say Congress intended to afford relief to taxpayers like Evan, a member of the work force throughout his college years and an athlete. They cite the following portions of legislative history to support their contention.

The general rule provides that the individual and his spouse must have furnished one-half or more of his own support in each of the base period years. However, it was not intended to exclude from the benefits of the averaging provision an individual who, although in the labor force, was unemployed in part or all of the base period years. * * * [H. Rept. 749, 88th Cong., 1st Sess. (1963), 1964–1 C.B. (Part 2) 125, 238; S. Rept. 830, 88th Cong., 2d Sess. (1964), 1964–1 C.B. (Part 2) 505, 648.]

A general averaging provision is needed to accord those whose incomes which fluctuate widely from year to year the same treatment accorded those with relatively stable incomes. Because the individual income tax rates are progressive, over a period of years those whose incomes vary widely from year to year pay substantially more in income taxes than others with a comparable amount of total income but spread evenly over the years involved. This occurs because the progressive rates take a much larger proportion of the income in taxes from those whose incomes in some years are relatively high. The absence of any general averaging device has worked particular hardships on professions or types of work where incomes tend to fluctuate. This is true, for example, in the case of authors, professional artists, actors, and *athletes* as well as farmers, fishermen, attorneys, architects, and others. [H. Rept. 749, 88th Cong., 1st Sess. (1963), 1964–1 C.B. (Part 2) 125, 234; S. Rept. 830, 88th Cong., 2d Sess. (1964), 1964–1 C.B. (Part 2) 505, 644; emphasis supplied by petitioners.]

The first quote, however, explains the purposes behind section 1303(c)(2)(A) which provides a specific exception to the support requirements of section 1303(c)(1) and which, both parties agree, is inapplicable to Evan. The second reference, i.e., to the fluctuating income of athletes, is also inapposite here. While a beginning athlete experiences a marked increase in income after graduation, so too does any individual entering any profession. Congress was obviously referring to occupations that are likely to involve "off years" as well as sudden, rapid advancement of income.

We find that Evan's scholarships must be included in determining the total support furnished for him in 1970, 1972, and 1973. Since these scholarships amount to more than the support Evan furnished for himself in those years, Evan is not an eligible individual under section 1303(c)(1). Petitioners, therefore, may not use the relief provided by sections 1301 through 1305 for the taxable year 1974.

*Decision will be entered for the respondent.*