DAVID E. DYKSTRA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dykstra v. Commissioner
Docket No. 5793-80.
United States Tax Court
T.C. Memo 1982-479; 1982 Tax Ct. Memo LEXIS 266; 44 T.C.M. (CCH) 890; T.C.M. (RIA) 82479; August 18, 1982. *266 Held: Petitioner provided at least one-half of his support in each of the years 1972 through 1976; therefore he is entitled to use income averaging in computing income tax for 1976 and 1977. Held further: Certain charitable contributions are found to be substantiated and allowed. M. Gregory Oczkus, for the petitioner. Kenneth W. McWade, for the respondent. *267 WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge:* Respondent determined deficiencies in income tax for the years 1976 and 1977 in the amounts respectively of $10,774 and $2,023. Petitioner has contested only two issues, whether or not for these years petitioner is entitled to use the income averaging provisions of sections 1301 through 1305 [1] and the substantiation of claimed charitable contributions. Some of the facts have been stipulated, including that at the time of the filing of the petition, petitioner resided in Anchorage, Alaska. During both of the years before the Court, as well as each of the base period years for income averaging purposes, petitioner was unmarried. Under section 1303, one of the eligibility requirements for income averaging is that the individual must have furnished one-half or more of his support for each year in the base *268 period. [2]
The parties agree that none of the exceptions set out in section 1303(c)(2) are applicable. Thus, the narrow question for decision is whether or not petitioner has shown that he furnished at least one-half of his support for each year of the base period. For 1976 the base period years are 1972 through 1975, inclusive; and for 1977 the base period years are 1973 through 1976, inclusive. The burden is on petitioner to show that he provided one-half or more of his support for each of the base period years. Rule 142, Tax Court Rules of Practice and Procedure.
Under the facts there is no question as to the years 1975 and 1976. Petitioner's testimony and his tax returns for those two years show that he was working in Anchorage, Alaska, and fully supporting himself.Respondent does not contend to the contrary. However, *269 during the years 1972 through 1974, petitioner resided with his parents in Lakewood, California. While the statutory notice puts in issue the question of support during each of these years, the principal question is raised with respect to the year 1974 since in that year petitioner's father (hereinafter referred to as F) claimed petitioner as a dependent on F's 1974 income tax return. Petitioner testified, and there is no evidence to the contrary, that during each of these three years, 1972 through 1974, petitioner went to school part time and worked for F, who was a plastering contractor, part time. During each of these years, petitioner worked for his room and board, paying F the amount of $80 per month by means of working for F without pay for a sufficient period of time to equal the monthly charge. This charge was fixed by F. In each of these years, in addition, petitioner received cash wages from F in the following amounts: 1972
$1,258
1973
1,771
1974
3,465
Petitioner testified that in each of these three years he provided all of his own support, that is, out of his earnings he paid the maintenance and upkeep on his automobile, his school expenses, *270 his clothing expenses and his spending money. There is no evidence as to the earnings of F for 1972, but the copies of F's income tax returns for the years 1973 and 1974, which are in evidence, show in each of those years net earnings from his business of approximately $9,100 and $9,700, respectively. In 1973 F claimed as defendants four children other than petitioner, but in 1974 he claimed petitioner along with three other siblings as dependents. Three of the siblings are common to both years, petitioner apparently being substituted for his sister, Janet, in 1974. There is no explanation as to why F claimed petitioner as a dependent in 1974 and not in the prior year. Nor do we know which children, other than petitioner, were actually living in F's residence, in any year. We do not know which children, if any, were claimed by F as dependents in 1972. Although section 1303(c) contains no express cross-reference to sections 151 and 152, the regulations in effect prior to 1972 (section 1.1303-1(c)(1), Income Tax Regs.) expressly incorporated the rules of section 152 and its regulations. While the current regulations omit such language, there is a sufficiently close parallel *271 between these Code provisions to permit regulations and case law which has developed under section 152 to be used at least by analogy in the context of this particular case. [3]
Section 152(a) defines a "dependent" as any of the specified individuals "over half of whose support" is received from the taxpayer. Section 1.152-1(a)(2)(i), Income Tax Regs., is pertinent here: (2)(i) For purposes of determining whether or not an individual received, for a given calendar year, over half of his support from the taxpayer, there shall be taken into account the amount of support received from the paxpayer as compared to the entire amount of support which the individual received from all sources, including support which the individual himself supplied. The term "support" includes food, shelter, clothing, medical and dental care, education and the like.Generally, the amount of an item of support will be the amount of expense *272 incurred by the one furnishing such item. If the item of support furnished an individual is in the form of property or lodging, it will be necessary to measure the amount of such item of support in terms of its fair market value. Petitioner did not explain how much money he expended in any of these years for his own support or for what items of support. Neither did he explain the nature of the accommodations furnished to him in F's house nor the nature or number of meals for which he reimbursed F by his work. Thus, we cannot on this record weigh petitioner's expenditures against any amounts which might have been expended for him by others. At first blush it would seem that perhaps petitioner has not discharged his burden of proof. However, we accept at face value petitioner's testimony that he paid all his expenses from his earnings, and there is no suggestion that petitioner received support from any person other than F. The only way that F could have contributed to the support of petitioner was through fixing a bargain price for petitioner's meals and lodging at home. Where support is furnished in kind, the value of such support is its fair market value.See Blarek v. Commissioner,23 T.C. 1037 (1955). *273 [4] Thus, our attention must focus on whether or not the sum of $80 per month during the years 1972, 1973 and 1974 represented the fair market value of lodging and food furnished to petitioner. Respondent argues that the fair market value of lodging furnished in the part of California where petitioner lived during this period of time would approximate $300 per month and that $80 per month would not cover the costs of meals for a 20-year-old man. Respondent does not, however, take into account the economic circumstances of petitioner and petitioner's family. F supported himself, his wife and those children whom he did support on less than $10,000 per year. [5] If $300 per month was the value of accommodations in the home for one person, the value of accommodations for the household would have been over twice F's income. [6] Similarly, at $80 per month per person, the value of meals would have been more than one-half of F's income. While value does not necessarily equate with cost, we are not prepared to say that $80 per month was unreasonably low. F set the figure for room and board, which represented *274 in 1973 and 1974 approximately 10 percent of F's net profit from his business. The value of room and board which F was financially capable of furnishing to a member of his household must bear a reasonable relation to his earnings. We have said in a different context that we should take a "commonsense approach." Davis v. Commissioner,65 T.C. 1014, 1019 (1976). There is no reason why we should fail to take that approach in this case. We are entitled to assume that petitioner's family home was modest and that his family lived modestly. We can assume that the $80 per month represented what F considered to be the fair value of the board and lodging furnished to petitioner; at least we have no basis for reaching a contrary conclusion. It would have been helpful to have had more evidence on this point, and respondent had subpoenaed F as a witness, but when petitioner agreed to stipulate to F's 1974 tax return, respondent released *275 F from his obligation to attend the trial. Respondent argues that F's tax return, and the fact that F claimed petitioner as a dependent, shows that F provided more than one-half of petitioner's support. We do not agree. Any inference from that tax return is more than overcome by petitioner's clear testimony which respondent barely challenged on cross-examination, [7] and it is implicit in petitioner's testimony that he believed the value of the work which he performed for his room and board represented its fair market value. His testimony was that he worked for his room and board and that he provided all of his own support. We find that there was no evidence of a bargain element in the room and board item. Under these circumstances, we find and hold that $80 per month represented the fair market value of petitioner's room and board. Thus, the amount which petitioner actually expended for his support is immaterial. Whatever it was, it came out of petitioner's earnings. On this issue, we hold for petitioner. *276 For 1976, petitioner claimed charitable contributions of $1,500 and for 1977, $2,000. These deductions were disallowed for lack of substantiation. During the trial, petitioner substantiated a $500 contribution to his church during the year 1977, and the record was held open in order to allow petitioner to obtain from his bank microfilm copies of other checks substantiating contributions. Petitioner in this fashion has substantiated contributions to his church in the amount of $1,000 in 1976 and an additional $1,500 in 1977. On brief, petitioner claims to have substantiated contributions in 1976 of $1,100, the $100 apparently being identified in a check register of petitioner which was introduced into evidence. There is, however, no indication of any date and petitioner was not able to obtain from his bank a microfilm copy of any such check. Therefore, we find that petitioner is entitled to a charitable contributions deduction in 1976 of $1,000 and in 1977 of $2,000. Respondent on brief has conceded these amounts. The other adjustments made by respondent in petitioner's income tax returns for these two years being accepted by petitioner, Decision will be entered under *277 Rule 155.
Footnotes
*. This case was tried before Judge Cynthia H. Hall, who has resigned from the Court. By order of the Chief Judge, the case was reassigned to Judge Meade Whitaker↩ for disposition. 1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. Section 1303(c) reads in part as follows: (1) In General.--For purposes of this part, an individual shall not be an eligible individual for the computation year if, for any base period year, such individual (and his spouse) furnished less than one-half of his support. (2) Exceptions.--Paragraph (1) shall not apply to any computation year if--↩
3. See Heidel v. Commissioner,56 T.C. 95 (1971); and Sharvy v. Commissioner,67 T.C. 630 (1977), affd. per curiam 566 F.2d 1118 (9th Cir. 1977); and compare Jolitz v. Commissioner,73 T.C. 732↩ (1980).
4. See also Wyche v. Commissioner,T.C. Memo. 1979-233↩.
5. Since petitioner was 20 years old in 1974 and was the second oldest child, it is reasonable to assume that F supported several of his children in this period. ↩
6. For 1974, F claimed five dependents. Thus, $300 X 12 X 6 = $21,600.↩
7. We also note that in 1974 petitioner was 20 years old and had earnings in excess of $750. Therefore, petitioner's earnings made him ineligible as a dependent, irrespective of the amount of support.↩