EDWARD J. HOLLAND, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Holland v. Commissioner
Docket No. 24725-82.
United States Tax Court
T.C. Memo 1985-627; 1985 Tax Ct. Memo LEXIS 8; 51 T.C.M. (CCH) 172; T.C.M. (RIA) 85627; December 26, 1985. *8 Held: Respondent's disallowance of deductions for legal expenses and partnership losses sustained; petitioner is not entitled to claimed dependency exemptions or to use income averaging in computing his tax liability; and petitioner is liable for additions to tax under sections 6651(a) and 6653(a). Hallison H. Young, for the petitioner. Arthur L. Skaar, Jr., for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax in the following amounts: Additions to Tax
Year
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)
1977
$126,487.00
$31,622.00
$6,324.00
1978
119,661.00
5,983.00
By Memorandum Sur Order dated August 7, 1985, the Court held that: there being no credible record evidence that petitioner * * * purchased three master recordings * * * respondent's determinations disallowing deductions and credits for investment in said master recordings * * * [would] * * * be sustained. As a result of the *9 disposition of issues relating to the master recordings and a stipulation of the parties, [2] the issues for decision are: (1) Whether petitioner is entitled to a deduction under section 162 for legal expenses and, if such expenses are deductible, the amounts; (2) whether petitioner is entitled, in 1977, to any deduction for his allocable share of losses in partnerships and in "Holland Stables"; (3) whether petitioner is entitled to any dependency exemptions; (4) whether petitioner is entitled to use income averaging in computing his tax liability; (5) whether petitioner is liable under section 6651(a) for an addition to tax in 1977; and (6) whether petitioner is liable for additions to tax under section 6653(a) in 1977 and 1978. For convenience, our Findings of Fact and Opinion are combined. As the issues for decision were raised in the statutory notice of deficiency, petitioner bears the burden of proof on each. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). In ordering the parties to brief the outstanding *10 issues, the Court explicitly directed that "the parties should not rely on petitioner's testimony as we have found it unreliable." Petitioner resided in Detroit, Michigan when the petition herein was filed. Prior to, during, and subsequent to the years in issue, petitioner was engaged in the music business as a songwriter/composer. He enjoyed national and international acclaim and success in these endeavors. On the Songwriter/Producer Schedule C's attached to his 1977 and 1978 income tax returns, petitioner claimed deductions for legal expenses of $26,230 and $30,301, respectively. In the notice of deficiency, respondent disallowed these deductions as "it had not been established that any amount was for an ordinary and necessary business expense, or was expended for the purpose designated." Petitioner summarily argues that the claimed expenses related to his "music business and/or the conservation of his music business property * * * held for the production of income" and, therefore, are deductible in their entirety under section 162. Section 162 provides for the deduction of all ordinary and necessary expenses paid or incurred in a taxpayer's trade or business. See also, section 1.162-1, Income Tax Regs. *11 To obtain the claimed business deductions, petitioner must show a proximate relationship between the amount of the claimed expenditures and his trade or business. Sholund v. Commissioner,50 T.C. 503, 508 (1968); Long v. Commissioner,32 T.C. 511 (1959), affd. 277 F.2d 239 (8th Cir. 1960). The deductibility of the claimed legal expenses is essentially a question of fact. Commissioner v. Heininger,320 U.S. 467 (1943); Sholund v. Commissioner,supra.
Petitioner failed to introduce any reliable evidence to support his claimed business deductions. No evidence, such as billing statements or cancelled checks, was proffered indicating any legal expenses were incurred or paid by petitioner in 1977 or 1978. Although one of petitioner's witnesses was an attorney who, prior to the years in issue, had been a shareholder of the law firm (a professional corporation) which represented petitioner, he could not testify concerning any work performed for petitioner by the firm during 1977 or 1978. [3] A November 9, 1970 letter retaining the law firm to represent petitioner, Lamont Dozier, and Brian Holland and a January 3, 1972 agreement between the same parties were received in evidence. [4] These *12 documents do not indicate, much less substantiate, that any legal services were performed for, or paid by, petitioner during the years in issue. As petitioner has failed to carry his burden of proof, respondent's disallowance of claimed deductions for legal expenses under section 162 is sustained. [5] The following partnerships and/or other businesses losses claimed by petitioner on his Songwriter/Producer Schedule C for 1977 were disallowed by respondent: Lafayette Development Group Limited
Dividend Housing Association
$31,377 Est.
Second Avenue Limited Dividend
Housing Association
13,853 Est.
Holland Stables
1,035     Deduction *13 was disallowed due to petitioner's "failure to establish the amount and character of such losses" including his failure to establish: (1) that he was a partner in any of the entities in 1977; (2) that the entities themselves were in existence; (3) that the claimed losses were incurred in 1977; (4) his allocable share of any allowable partnership losses; and (5) that petitioner's basis was equal to or in excess of the claimed losses. Respondent has no records of returns having been filed for the above-listed entities for the calendar years 1977 and 1978. On brief, petitioner argues that he "established by uncontradicted evidence, that he sustained the partnership losses as claimed and paid the 'Holland Stables' expenses in connection with his music business activities." Petitioner introduced no reliable evidence to support this conclusory statement. He merely references three pages of his testimony, Petitioner's Answers to Respondent's Interrogatories and the Stipulation of Facts. The only interrogatory answer in evidence relates to the absence of records of petitioner's wholly owned corporations--not the claimed partnership losses. Similarly, the Stipulation of Facts does not provide *14 any information or documents relating to the partnership losses in issue [6] or Holland Stables. Therefore, the only relevant evidence cited by petitioner is his own testimony. Even had we not found this testimony unreliable, the Court is not required to accept petitioner's vague and uncorroborated testimony as sufficient to entitle him to the losses claimed. Quock Ting v. United States,140 U.S. 417 (1891); Kean v. Commissioner,51 T.C. 337, 343-344 (1968), affd. on this point 469 F.2d 1183, 1188 (9th Cir. 1972). Consequently, we sustain respondent's disallowance of deductions for these losses. On his 1977 and 1978 returns petitioner indicated his filing status as "single" and claimed dependency exemptions for his four children. Respondent disallowed these exemptions on the basis that petitioner had failed to establish his entitlement to them under sections 151 and 152. Petitioner's uncorroborated statement that he provided more than 50 percent of his four children's support in 1977 and 1978 does not, standing alone, *15 entitle him to the dependency exemptions claimed. No other evidence was offered on this issue. Accordingly, respondent's disallowance of these exemptions is sustained. In the statutory notice of deficiency, respondent challenged petitioner's use of income averaging for 1977 and 1978 on the basis that petitioner had failed to establish his base-period income in the tax years 1973 through 1976. Under sections 1301 through 1305, if the income in the year in which income averaging is elected (the "computation year") exceeds 120 percent of the average taxable income in the four preceding years a taxpayer is entitled to be taxed in the computation year at lower graduated rates. The taxpayer has the burden of proving he is entitled to such relief. Sharvy v. Commissioner,67 T.C. 630, 634 (1977), affd. per curiam 566 F.2d 1118 (9th Cir. 1977); Frost v. Commissioner,61 T.C. 488, 492 (1974). To be eligible for income averaging as to any particular year, petitioner must establish his income during each of the 4 preceding years.His correct taxable income for each preceding year, which may not be the amount reported as taxable income on his return, must be used. Section 1.1302-2, Income Tax Regs.; *16 Unser v. Commissioner,59 T.C. 528 (1973). [7]
Petitioner contends that, since respondent did not dispute the amount of income reflected on his income tax returns for the base-period years, said income is as claimed. This contention is erroneous. Petitioner's taxable income for the year 1973, one of the base-period years used in the 1977 computation, was successfully challenged by respondent in litigation before this Court. Holland v. Commissioner,T.C. Memo. 1982-428, affd. per curiam 728 F.2d 360 (6th Cir. 1984). No evidence explaining or supporting the amounts reflected on the Schedule G's attached to petitioner's 1977 and 1978 returns or otherwise claimed by petitioner as his income in the base years was introduced. As petitioner has failed to show he is entitled to the benefits of income averaging, it follows that he cannot use income *17 averaging in either 1977 or 1978 to reduce his tax liability. The next issue for decision is whether petitioner is liable for an addition to tax under section 6651(a) for failure to timely file his 1977 return. This section provides that, for untimely filing, there shall be added to the tax an amount up to 25 percent of the tax required to be shown on the return unless the failure to file is due to reasonable cause and not willful neglect. Petitioner has the burden of showing reasonable cause for his untimely 1977 filing. Rule 142(a); BJR Corp. v. Commissioner,67 T.C. 111, 131 (1976); Elliott v. Commissioner,40 T.C. 304, 315 (1963). Petitioner's tax return for 1977 was due on April 15, 1978. Section 6072(a). It was not mailed to respondent until July 18, 1979. Petitioner asserts that he exercised ordinary business care and prudence in relying upon his tax advisor to prepare and file his 1977 income tax return and that the untimeliness in filing the return was due to reasonable cause. Reliance on an accountant for the ministerial act of preparing and filing his return is not sufficient "reasonable cause" for its untimely filing. Logan Lumber Co. v. Commissioner,365 F.2d 846, 854 (5th Cir. 1966), *18 affg. on this issue a Memorandum Opinion of this Court. [8] See United States v. Boyle,469 U.S.    , 105 S. Ct. 687, 690 (1985). The record is devoid of evidence indicating that petitioner provided his accountant with all the information necessary to timely prepare and file his 1977 return or that his failure to timely file this return was due to reasonable cause. Therefore, we sustain respondent's imposition of a 25-percent addition to tax pursuant to section 6651(a). The final issue for determination is petitioner's liability for additions to tax for the years 1977 and 1978 pursuant to section 6653(a). Petitioner has the burden of proving that respondent's imposition of the negligence addition was incorrect. Billman v. Commissioner,83 T.C. 534, 541 (1984); Bixby v. Commissioner,58 T.C. 757, 791 (1972); Enoch v. Commissioner,57 T.C. 781, 802 (1972). Petitioner contends that he relied in good faith and used competent tax advisors to prepare and file his income tax returns for the years in issue and that, therefore, any understatement of tax *19 is not due to negligence or intentional disregard of rules and regulations. Petitioner's bare contention does not satisfy his burden of proof and, therefore, we sustain respondent's assessment of additions to tax under section 6653(a). Based on the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. During trial respondent orally agreed to allow the deduction of $1,077 claimed by petitioner for his investment in the Boulevard East Apartment Limited Dividend Partnership.↩
3. The record reflects that the attorney was no longer a shareholder of the law firm in 1977 or 1978. ↩
4. The January 3, 1972 agreement was received in evidence as part of the Stipulation of Facts but subject to respondent's objection that the document is incomplete and is hearsay. Given the fact that we find it irrelevant, we need not rule on respondent's objections. ↩
5. We note that this evidentiary omission was called to the attention of petitioner's counsel during the trial and that he advised the Court he did not wish to pursue getting additional evidence on the payment of legal fees into the record.↩
6. The only partnership K-1 included in the Stipulation of Facts is for the Boulevard East Apartment Dividend Partnership losses which are no longer in issue. See n. 2.↩
7. See also Raczkowski v. Commissioner,T.C. Memo. 1984-146; Caputo v. Commissioner,T.C. Memo. 1983-359; Bianco v. Commissioner,T.C. Memo 1982-186, affd. without published opinion, 718 F.2d 1104 (7th Cir. 1983); Venditti v. Commissioner,T.C. Memo. 1981-390; Ryza v. Commissioner,T.C. Memo. 1977-64; Binstein v. Commissioner,T.C. Memo. 1973-100↩.
8. See also, Lynch v. Commissioner,T.C. Memo. 1983-173; Stovall v. Commissioner,T.C. Memo. 1983-450, affd. 762 F.2d 891↩ (11th Cir. 1985).