**Edward J. HOLLAND, Jr., Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**No. 86–1647.**

United States Court of Appeals, Sixth Circuit.

Argued Nov. 5, 1987.

Decided Dec. 23, 1987.

Rehearing Denied Feb. 17, 1988.

Stanley H. Pitts, Frederick A. Patmon (argued), Detroit, Mich., for petitioner-appellant.

Jean Owens, Acting Counsel, IRS, Michael L. Paup (Lead Counsel), Roger M. Olsen, Tax Div.—Dept. of Justice, Washington, D.C., Charles E. Brookhart, Joan I. Oppenheimer (argued), for respondent-appellee.

Before ENGEL and KENNEDY, Circuit Judges, and POTTER, District Judge.*

PER CURIAM.

This is an appeal from a decision of the United States Tax Court redetermining the income tax deficiency and determining additions to the tax liability of petitioner-appellant Edward J. Holland, Jr. The Tax Court's opinion is published at *Holland v. Commissioner,* 51 T.C.M. (CCH) 172 (1985).

On July 14, 1982 the Internal Revenue Service sent Holland a notice of deficiency for the 1977 and 1978 tax years disallowing a number of claimed deductions. The deficiency was assessed on the basis of Holland's failure to prove that the transactions alleged in those deductions ever occurred. Holland then petitioned the tax court for a redetermination of his tax liability on October 9, 1982.

* The Honorable John W. Potter, Judge, United States District Court for the Northern District of Ohio, sitting by designation.

A trial was held at the United States Tax Court in Detroit, Michigan on March 19–21, 1985. The trial judge issued a Memorandum Sur Order on August 7, 1985 in which he upheld the initial assessment of the trial court and also found that Holland had attempted to deceive the court as to the authenticity of documents proving his claimed deductions. The judge ordered both sides to file briefs on the subject of what action the court should take in response to these misrepresentations. He then issued a tax memo on December 26, 1985 and a decision on April 18, 1986 in which he determined that Holland owed a total of $43,929 in additional tax. He also affirmed the original finding of tax deficiency for 1977 and 1978 in the amount of $125,733 and $119,661 respectively.

The central transactions in this case are the alleged purchases by Holland of master recordings. The recordings were of Holland's own songs and were allegedly purchased from his own recording company. The tax court found that Holland failed to purchase the recordings in 1977 and 1978 as claimed in his tax returns. The court noted that the documents were incomplete and were all photocopies. The trial judge also became concerned when he noticed a striking similarity in the signature of Holland on many of the documents being offered as proof of the sales. The judge requested the assistance of a handwriting expert who testified, over Holland's objection, that Holland's signature had been duplicated onto each of the documents. The trial judge found that this established that the documents were not authentic and thus ordered proceedings under I.R.C. §§ 6673 and 6653(b) for determinations of additions to tax.

Holland contends that the Memorandum Sur Order and the tax court memo were clearly erroneous and contrary to the evidence. He also claims that the trial judge failed to correctly apply procedural and evidentiary rules when he appointed the handwriting expert.

Holland's principal complaint is that the judge of the Tax Court who presided at his trial committed reversible error in initiating the production of a government expert witness to testify concerning the authenticity of his purported signatures upon certain documents. These documents, if executed in a timely manner, would represent evidence of the transaction which he claimed entitled him to the depreciation allowances for the taxable years in question. Holland particularly asserts that the trial judge failed to comply with the requirements of Federal Rules of Evidence 706(a). In relevant part, this rule requires that a witness appointed by the court shall: (1) be informed of his duties by the court in writing, with a copy thereof to be filed by the Clerk; (2) advise the parties of this findings, if any; and (3) be subject to cross-examination. Fed.R.Evid. 706(a).

The procedure employed here appears to have been more informal. As we understand the record, the trial judge, rather than calling his own independent witness, suggested that the government procure an expert witness whose testimony would thereafter be made a part of the government's case in chief. While we recognize that the procedure employed was somewhat unusual, an examination of the record satisfies us that there was substantial compliance with the requirements of Federal Rules of Evidence 614. This rule permits the court to call witnesses on its own motion and allows the court to interrogate witnesses whether called by itself or by a party. Fed.R.Evid. 614(a)(b). While petitioner objected to this procedure, full cross-examination of the witness was permitted. The witness testified after the case in chief had been presented, however, neither petitioner nor his counsel appear to have sought to present an expert of his own, or any adjournment in order to procure such an expert. Under the circumstances, therefore, we consider any error in the procedure to be harmless under Federal Rules of Civil Procedure 61. Petitioner's further assertion that the action of the trial court in suggesting the production of such a witness somehow compromised its position of neutrality in the law suit is not well taken. An examination of the questioned documents themselves readily explains the reason for the trial judge's concern and sup-

ports his wisdom in seeking expert advice to avoid what might otherwise have been a fraud upon the court. We find no merit in any other contentions of error raised on appeal and, accordingly, for the foregoing reasons and for the reasons set forth in the opinion of the Tax court,

The judgment of the Tax Court is AFFIRMED.