EDWARD J. HOLLAND, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Holland v. Commissioner
Docket No. 6168-86
United States Tax Court
T.C. Memo 1992-691; 1992 Tax Ct. Memo LEXIS 734; 64 T.C.M. (CCH) 1433; December 3, 1992, Filed *734 An order will be issued granting respondent's motion, vacating the decision entered August 20, 1990, and directing that a new decision be entered in accordance with the stipulation of the parties. For Petitioner: Hallison H. Young. For Respondent: Timothy S. Murphy. SCOTT SCOTT MEMORANDUM OPINION SCOTT, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel pursuant to section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion to Revise Decision to Reflect the Correct Deficiency. The issue to be decided is whether a nonfinal stipulated decision containing an incorrect deficiency amount should be revised to reflect the correct *735 deficiency amount pursuant to the terms of the parties' stipulation. Chronology
Petitioner filed a 1980 Federal income tax return with the Internal Revenue Service Center, Cincinnati, Ohio, on December 15, 1982. By statutory notice of deficiency (SND) dated December 12, 1985, respondent determined a deficiency of $ 127,359.11 in petitioner's 1980 Federal income tax and an addition to tax in the amount of $ 64,728.55 under section 6653(b). In the SND, respondent made the following adjustments to petitioner's 1980 taxable income: (a) Increased petitioner's income by $ 13,315.42 for unreported income; (b) disallowed petitioner's Schedule C expense deductions of $ 68,743 in full for failure to establish that they were ordinary and necessary business expenses; (c) disallowed petitioner's Schedule C depreciation deduction of $ 141,656 relating to a master recording activity; (d) disallowed petitioner's excess itemized deductions of $ 39,944 in full; (e) disallowed petitioner's dependency exemption deduction of $ 4,000, claimed for 4 children; (f) reduced petitioner's investment tax credit (ITC) of $ 24,124 to zero; and (g) determined that all or part of the underpayment of *736 tax is due to fraud, thereby giving rise to the 50 percent addition to tax. A petition was filed on March 10, 1986, on which date petitioner resided in Detroit, Michigan. By answer, respondent conceded the section 6653(b) fraud addition, and asserted additions to tax for untimely filing under section 6651(a)(1), and for negligence under section 6653(a). This case was called for trial on a calendar commencing in Detroit, Michigan, on March 2, 1987. Respondent was represented by Timothy S. Murphy, Esq. (Mr. Murphy), and petitioner was represented by Hallison H. Young, Esq. (Mr. Young). Both attorneys have been involved in this case in their representative capacities from the beginning and up to the present. At recall on March 11, 1987, Mr. Murphy and Mr. Young agreed before the Court to be bound by the outcome of two of petitioner's earlier cases pending in the United States Court of Appeals for the Sixth Circuit (the Sixth Circuit) regarding the issues relating to the master recording activity and the additions to tax. [2] They further informed the Court that they had reached a tentative basis for settlement as to the other adjustments contained in the SND, but as petitioner was *737 not present, Mr. Young wanted an opportunity to confer with him. Respondent then read into the record the following concessions: Petitioner conceded the additional gross income of $ 13,315.42 (item (a) above); respondent conceded the schedule C expense of $ 68,743 (item (b) above); and respondent conceded excess itemized deductions of $ 39,944 (item (d) above). After these concessions, the only issues remaining were those relating to the master recording activity: the schedule C depreciation deduction of $ 141,656 (item (c) above), and the ITC of $ 24,124 (item (f) above). [3] Respondent reiterated that the fraud issue (item (g) above) had been conceded on answer, and asserted that the sections 6651(a)(1) and 6653(a) additions would be resolved by the outcome of the cases on appeal. Mr. Young said that he would recommend to petitioner that he agree to the settlement of the issues as read into the record. *738 The Court continued the case, retaining jurisdiction, with the understanding that the parties would make a status report with regard to the settlement to be filed as a stipulation to be bound. In a stipulation filed on April 17, 1987, signed by petitioner, Mr. Young, and Mr. Murphy, the parties stipulated the following: It is hereby stipulated that, for the purposes of this case, the following statements may be accepted as facts, except as qualified herein, provided, however, that either party may introduce other and further evidence not inconsistent with the facts herein stipulated. * * * 2. The issues concerning the depreciation and investment credit in this case relates [sic] to transactions occuring [sic] prior to 1980 and were part of docketed case Nos. 24725-82 and 11426-84. The depreciation claimed was $ 141,656.00 and the investment tax carryforward was $ 24,124.00 of which $ 6,457.00 was used for the 1980 tax year. 3. The issues involving depreciation and investment credit carryforward for 1980 shall be determined by the decisions on the merits in Docket Nos. 24725-82 and 11426-84 (1977 through 1979) which are both currently on appeal before the United States Sixth *739 Circuit. 4. If a final decision in the Controlling Cases (Docket Nos. 24725-82 and 11426-84) determines that any additions to tax or the section 6621(c), formerly section 6621(d), interest are applicable to the underpayment attributable to the above-designated adjustments, the resolution of the issue and the applicability of such additions to tax or interest to that issue in the Controlling Case (Docket Nos. 24725-82 and 11426-84), shall apply to petitioner with regard to the present case, Docket No. 6168-86. 5. Gross income is increased by $ 13,315.42. 6. The Schedule C expenses of $ 68,743.00 are allowable deductions. 7. The itemized deductions of $ 39,944.00 are allowable. 8. The addition to the tax pursuant to I.R.C. [sec.] 6653(b) is conceded. 9. A decision shall be submitted in this case when the decision in the Controlling Cases (whether litigated or settled) becomes final under I.R.C. [sec.] 7481. On December 23, 1987, the Sixth Circuit affirmed this Court's decision sustaining respondent's determinations disallowing deductions and credits for petitioner's investment in the master recording activity, as well as imposing the additions to tax, in docket No. 24725-82. *740 Holland v. Commissioner, 835 F.2d 675 (6th Cir. 1987), affg. T.C. Memo. 1985-627. Appeal from this Court's Order of Dismissal and Decision in docket No. 11426-84 was dismissed by Order of the Sixth Circuit for want of prosecution on March 5, 1987. The following decision was entered in this case on August 20, 1990: Pursuant to agreement of the parties in this case, it is ORDERED and DECIDED: That there is a deficiency in income tax due from the petitioner for the taxable year 1980 in the amount of $ 37,477.11; That there is no addition to the tax due from the petitioner for the taxable year 1980 pursuant to I.R.C. [sec.] 6653(b); and That there is no addition to the tax due from petitioner for the taxable year 1980, pursuant to I.R.C. [sec.] 6651(a); and That there is an addition to the tax due from the petitioner for the taxable year 1980 pursuant to I.R.C. [sec.] 6653(a) in the amount of $ 1,873.85. On September 20, 1990, respondent discovered an error in the deficiency amount contained in the above-entered decision document, and on September 21, 1990, filed a motion for leave to file a motion to revise decision to *741 reflect correct deficiency out of time with which was submitted her motion to revise decision to reflect correct deficiency. The motion for leave to file motion to revise decision to reflect the correct deficiency was granted on October 23, 1990, and respondent's motion to revise decision to reflect the correct deficiency was filed on that date. A hearing was held on respondent's motion to revise decision to reflect the correct deficiency on March 11, 1991. In support of the motion to revise decision to reflect the correct deficiency, respondent asserts the following facts: In January 1989, respondent notified petitioner that the Sixth Circuit had resolved the cases before it. Pursuant to the terms of the stipulation encompassing both the settled issues and those on which the parties agreed to be bound, respondent prepared a computation sheet bearing the correct deficiency of $ 72,856.21, and erroneously reflecting a section 6653(b) fraud addition of $ 37,477.11, which addition to tax had previously been conceded by respondent on answer and in the stipulation filed on April 17, 1987. When Mr. Murphy prepared the proposed decision document to accompany the computations, he mistakenly *742 entered the deficiency amount as $ 37,477.11 instead of the $ 72,856.21 amount. Respondent mailed the decision document together with the computation sheet to Mr. Young on or about January 27, 1989. Sometime thereafter but before August 1990, Mr. Young came to Mr. Murphy's office to obtain a copy of the computation sheet containing the correct $ 72,856.21 deficiency figure for petitioner's accountants' perusal. Mr. Young signed and returned the decision document containing the incorrect $ 37,477.11 deficiency amount which Mr. Murphy submitted to the Court and which was entered on August 20, 1990. Mr. Murphy did not discover the erroneous deficiency figure until September 20, 1990. Upon discovering the error, Mr. Murphy at once filed the present motion asking the Court to revise the decision document to reflect the correct deficiency amount of $ 72,856.21 to conform to the terms of the stipulation. Mr. Murphy has no knowledge as to whether Mr. Young discovered the error. Petitioner did not specifically deny the allegations of respondent but objected to respondent's motion to revise decision on the ground that no error was made. Petitioner asserts that the decision was entered *743 pursuant to a settlement agreement reached after petitioner notified respondent that he was entitled to additional deductions. Attached to petitioner's objection is a copy of respondent's letter dated July 19, 1990, to Mr. Young. The contents of the letter are as follows: In re: Holland v. Commissioner Docket No. 6168-86
Dear Mr. Young: As you are aware, all issues other than the additions to the tax pursuant to I.R.C. [sec.] 6653(a) and 6651 were either agreed upon in a stipulation on [sic] resolved based upon the appeals of Docket Nos. 24725-82 and 11426-84. Subsequent to these decisions, we offered to concede the section 6651 addition to the tax in return for your concession of the negligence penalty. We have prepared for your signature a decision document. Please sign and return the original and one copy to the address in the letterhead. In that this case has been scheduled for trial November, 1990, this offer of settlement will only be available up to July 31, 1990. If you have any questions, please do not hesitate to contact Timothy S. Murphy at 313-226-4790. Sincerely, OKSANA O. XENOS District Counsel By: TIMOTHY S. MURPHY, Attorney Enclosure: Decision
*744 (Original and two copies) In response to petitioner's arguments, respondent asserts that no post-stipulation negotiations took place regarding any reduction in the deficiency amount; rather, respondent offered only to concede the section 6651(a) late filing addition in exchange for petitioner's concession of the section 6653(a) negligence addition. The amount of the section 6653(a) addition appearing in the decision reflects 5 percent of the incorrect $ 37,477.11 deficiency amount. Discussion
On October 23, 1990, when respondent's motion to revise decision to reflect the correct deficiency was filed, the 90-day period for appeal of the decision in this case entered August 20, 1990, had not expired, and thus the decision in this case was not final. Secs. 7481(a), 7483; Rules 162, 190(a). This Court is reluctant to set aside a stipulated decision in the absence of fraud, mutual mistake, extraordinary circumstances, or other like cause. Estate of Jones v. Commissioner, 795 F.2d 566, 573-574 (6th Cir. 1986), [4] affg. T.C. Memo. 1984-53; Saigh v. Commissioner, 26 T.C. 171, 176 (1956); MacElvain v. Commissioner, T.C. Memo. 1987-366. *745 The Sixth Circuit has held that this Court has the power in its sound discretion, in extraordinary circumstances, to vacate and correct a final decision where it is based upon a mutual mistake of fact. Reo Motors, Inc. v. Commissioner, 219 F.2d 610 (6th Cir. 1955). Generally, this Court will set aside a nonfinal decision based on a stipulated settlement of the issues only for fraud, coercion, mutual mistake of fact, or other "exceptional" and "extraordinary" circumstances. See MacElvain v. Commissioner, T.C. Memo. 1987-366, and cases discussed therein.
Respondent does not articulate her argument in terms of fraud, mutual mistake, or extraordinary circumstance, but simply argues that respondent's counsel entered an incorrect deficiency amount *746 in the decision document. Respondent therefore seeks to revise the amount of the deficiency to conform to the terms of the parties' stipulation. [5]
Respondent argues that the correct amount of the deficiency is dictated by the terms of the stipulation. The stipulation unambiguously binds the parties to the Sixth Circuit's disposition of the master recording issue and the additions to tax, and settles all other amounts at issue in this case. Once the Sixth Circuit affirmed the decision of this Court sustaining respondent's disallowance of the deductions claimed with respect to the master recordings and determination of the sections 6651(a) and 6653(a) additions, all amounts at issue in this case were settled under the terms of the stipulation. Rule 91(e) provides that a stipulation, to the extent of its terms, shall be treated as a conclusive admission by the parties to the stipulation. *747 This Court will not permit a party to qualify, change, or contradict a stipulation except where justice requires. We will enforce a settlement stipulation, whether written or orally stipulated into the record, unless for reasons of justice a party should be relieved from the stipulation. Cataldo v. Commissioner, 476 F.2d 628 (2d Cir. 1973), affg. per curiam T.C. Memo. 1971-219; Sennett v. Commissioner, 69 T.C. 694, 696 (1978); Saigh v. Commissioner, supra at 177. We have also enforced stipulations to be bound where the parties have agreed to be bound by the outcome of a previously tried "test" case. Hillman v. Commissioner, T.C. Memo. 1982-468, affd. 687 F.2d 164, 165 (6th Cir. 1982); Sennett v. Commissioner, supra; Rakosi v. Commissioner, T.C. Memo. 1991-630. Here, the stipulation was entered into fairly and freely by both parties and was entirely in accord with their intentions. Accordingly, the filed stipulation is binding and *748 will be enforced. Cole v. Commissioner, 30 T.C. 665, 674 (1958); Saigh v. Commissioner, supra at 177. Had either party sought to enforce the terms of the stipulation, absent compelling circumstances, we would have enforced a deficiency amount that accorded with the parties' concessions and the Sixth Circuit's dispositions of the remaining issues per the stipulation. Respondent seeks no more here. The specific amounts of the conceded adjustments are set out in the stipulation. Under the stipulation petitioner was bound by the Sixth Circuit's disposition of the controlling cases as to $ 141,656 of the adjustments. This amount added to the $ 13,315 conceded by petitioner in the stipulation totals $ 154,971.42 (exclusive of the ITC) out of the $ 263,658.42 of original adjustments contained in the SND. Therefore, $ 72,856.21 is obviously the correct deficiency amount calculable under the unambiguous terms of the stipulation. Petitioner does not and has never contended that under the terms of the stipulation as filed by the parties in this case the correct amount of the deficiency is other than $ 72,856.21. Nor has *749 he advanced any bona fide reason why he should be relieved from the terms of the stipulation he personally signed. He, his accountants who checked the figures, and his counsel, all of whom saw the computation sheet bearing the correct figure for the deficiency, were clearly informed and must have known that the deficiency amount of $ 37,477.11 appearing in the decision document substantially understated the correct and agreed-upon deficiency. [6]
Although petitioner attempts to explain the lower figure by arguing that he was entitled to more deductions than agreed to by the parties in the stipulation, there is no evidence to support this claim. This claim is patently contrary to the binding terms of the stipulation. What petitioner calls respondent's settlement offer is merely an unexplained concession by respondent of the section 6651(a) *750 addition to tax. It has no bearing on the correct deficiency amount. Furthermore, at the hearing, petitioner did not challenge respondent's assertion that the computation sheet bore the correct figure of $ 72,856.21. In these circumstances, we conclude that the terms of the stipulation are enforceable even though there was an error in entering the deficiency amount in the decision document. This Court has held that general principles of contract law govern the compromise and settlement of Federal tax cases. As we said in Robbins Tire & Rubber Co. v. Commissioner, 52 T.C. 420, 435-436 (1969), "a compromise is a contract and thus is a proper subject of judicial interpretation as to its meaning, in light of the language used and the circumstances surrounding its execution." See Brink v. Commissioner, 39 T.C. 602, 606 (1962), affd. by order 328 F.2d 622 (6th Cir. 1964); Saigh v. Commissioner, supra at 177. Respondent asks us to revise the decision document to conform to the terms of the parties' stipulation agreement, thereby reflecting and protecting the parties' *751 written agreement. It is the written settlement agreement that expressed the intent of the parties. The deficiency to which the parties agreed was the amount resulting from a computation from their settlement agreement. Therefore, to use another figure for the deficiency was a mutual mistake. [7]
On the record before us we find that the parties were mutually mistaken at the time they signed the decision document reflecting the $ 37,477.11 deficiency amount. Furthermore, no substantial injury or manifest *752 injustice results from the correction of the decision. We therefore conclude that where a nonfinal decision based on a stipulation to be bound fails to accurately reflect the terms of that stipulation because of a clerical error which results in the parties' mutual mistake as to the deficiency amount, this Court may at the request of a party revise the decision document to conform to the terms of the stipulation. See 1 Restatement, Contracts 2d, ch. 6 ("Mistake") and, in particular, sec. 155 ("When Mistake of Both Parties as to Written Expression Justifies Reformation") (1981). Cf. Weagley v. Commissioner, T.C. Memo. 1991-235. On the record before us we conclude that petitioner as well as respondent knew that the correct deficiency to be used in the decision document was $ 72,856.21 and using a lesser figure was a mutual mistake. However, even if the error had been a unilateral mistake of respondent, petitioner did not rely on it to his prejudice. The correct tax liability is based upon the stipulation signed by petitioner and his counsel, as well as upon computations reviewed by petitioner, his counsel, and his accountants. Allowing petitioner's *753 deficiency to be halved in spite of the terms of the stipulation would be giving him an unwarranted windfall. Authority exists for the proposition that such circumstance may provide a basis for granting relief to respondent. Korangy v. Commissioner, 893 F.2d 69, 72 (4th Cir. 1990), affg. T.C. Memo. 1989-2 (unilateral mistake which leads to an unconscionable or oppressive result may justify rescission of a settlement agreement); United States v. Phillips,     Bankr.     (Bankr. 9th Cir., August 12, 1992) (per curiam) (IRS' computational error in stipulation found to be mutual mistake where other party should have known it substantially shortchanged the IRS. Even if unilateral, absent prejudicial reliance, other party shouldn't get windfall). But cf. Stamm International Corp. v. Commissioner, 90 T.C. 315 (1988) (unilateral error of counsel, in absence of misrepresentation by the adverse party, is not sufficient ground to vacate settlement agreement). Petitioner's reliance on Stamm is misplaced as the present case is distinguishable. While the issue for us to decide is whether *754 to revise a nonfinal decision to conform to the terms of the stipulation, respondent in Stamm sought to avoid the provisions of a settlement agreement. Prior to trial in that case, the parties negotiated and filed a memorandum of settlement specifying the manner of resolving various items in issue. Shortly thereafter, respondent moved to vacate the agreement, alleging that counsel had miscalculated the dollar value of the terms of the settlement. As indicated above, we held that the unilateral error of respondent's counsel in calculating the amount of taxes that would be owed under the memorandum of settlement, in the absence of misrepresentation by the adverse party, is an insufficient ground to vacate the memorandum of settlement. The memorandum of settlement in Stamm did not contain reference to the total dollar amount of the deficiency, rather it set forth the resolution of specific issues and provided for submission of computations of the deficiencies in tax under the Code pursuant to the resolution of those issues. Respondent underestimated the bottom dollar amount of the deficiency under the terms of the memorandum of settlement after application of all the relevant *755 Code sections. The Court strictly interpreted the terms of the settlement agreement, and held the parties to those terms. We do no more here. In this case, the stipulation set forth the precise amounts of the adjustments settled by the parties, as well as the specific amounts which the parties agreed to be bound by in the appeals pending in the Sixth Circuit. There is no question that the parties intended to be and were bound by all of the terms of the stipulation. We thus conclude that the parties were mutually mistaken in entering the $ 37,477.11 figure on the decision document. Accordingly, the amounts of the deficiency and addition to tax under section 6653(a) as they appear in the decision document should be revised to reflect the correct amounts in accordance with the filed stipulation of the parties. In view of the foregoing, An order will be issued granting respondent's motion, vacating the decision entered August 20, 1990, and directing that a new decision be entered in accordance with the stipulation of the parties. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code, and Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Mr. Young represented petitioner in the earlier cases before this Court. ↩
3. The disallowed dependency exemption deduction (item (e) above) is resolved by allowing petitioner only a personal exemption in the 1980 Tax Computation Schedule.↩
4. We observe that, in the absence of a stipulation to the contrary (see sec. 7482(b)(2)), venue on appeal of this case would lie in the United States Court of Appeals for the Sixth Circuit. Sec. 7482(b)(1)(A).↩
5. Revising the amount of the deficiency necessarily effects a change in the amount of the addition to tax. See sec. 6653(a)↩.
6. Mr. Young is no newcomer to tax matters. The Court's records show he has some 25 years' experience in tax litigation, having been admitted to practice before this Court in 1967.↩
7. Under Fed. R. Civ. P. 16(e) providing that an order following a final pretrial conference shall be modified only to prevent manifest injustice, discretion should be exercised to allow modification where no substantial injury will be occasioned to the opposing party, refusal to allow modification might result in injustice to the moving party, and the inconvenience to the Court is slight. See Adams v. Commissioner, 85 T.C. 359, 375↩ (1985), and cases cited therein. See also Rule 1(a).