50 F.3d 13
 75 A.F.T.R.2d 95-1475, 95-1 USTC P 50,171
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert L. EHRLICH, Jo Ann F. Ehrlich, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-70610.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 8, 1995.
Decided March 3, 1995.
 
 1
 Before: BRUNETTI and KOZINSKI, Circuit Judges, and SHADUR,* Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Robert and Jo Ann Ehrlich appeal an order of the tax court refusing to set aside a settlement stipulation that they entered into with the Commissioner of Internal Revenue (Commissioner). They also appeal the tax court's failure to use income averaging to compute their tax liability under that stipulation. We have jurisdiction pursuant to I.R.C. Sec. 7482(a)(1) (1988). We affirm.
 
 I.
 
 4
 "A stipulation will generally be enforced unless manifest injustice would result." Bail Bonds by Marvin Nelson, Inc. v. Commissioner, 820 F.2d 1543, 1547 (9th Cir.1987); see Tax Ct.R. 91(e). We review the tax court's refusal to set aside the stipulation for an abuse of discretion. Bail Bonds, 820 F.2d at 1547.
 
 
 5
 Walter Weiss, the Ehrlichs' attorney, orally agreed to a settlement of their tax dispute involving Newcomb government securities tax shelters and signed a stipulation embodying that settlement. The Ehrlichs claim that they should not be bound by that stipulation because fraud or mutual mistake caused their attorney to sign it. See Saigh v. Commissioner, 26 T.C. 171, 177 (1956). The record does not support the Ehrlichs' claim that the Commissioner misrepresented their settlement as exactly the same as other Newcomb settlements obtained by other taxpayers. Rather, the record reflects that the Commissioner and Weiss discussed settlement of many cases involving various taxpayers represented by Weiss, and that the terms of each settlement varied according to the specific facts of each case. Any misunderstanding regarding the significance of the Ehrlichs' stipulation resulted from Weiss's mistake, not from either fraud by the Commissioner or mutual mistake.
 
 
 6
 Furthermore, the terms of that settlement were not manifestly unjust. In 1979-1981 the Ehrlichs improperly deducted losses from sham transactions, but the settlement only addressed 1981 because the statute of limitations had expired on the previous two years. Because the Ehrlichs had reaped improper tax benefits during those two years, disallowing improper losses while maintaining reported gains from the 1981 sham transactions was not unjust.
 
 
 7
 The tax court did not abuse its discretion by enforcing the stipulation.
 
 II.
 
 8
 The Commissioner concedes that the tax court concluded incorrectly that the stipulation foreclosed the use of income averaging. The Commissioner argues that this court should affirm the denial of income averaging on the alternative ground that the Ehrlichs failed to demonstrate their entitlement to income averaging. We agree.
 
 
 9
 I.R.C. Secs. 1301-1305 set forth income averaging provisions which provide relief to an eligible individual whose taxable income for the year in which the averaging is elected exceeds his average taxable income in the four preceding years. (Income averaging has since been eliminated.) The taxpayer bears the burden of proving that he meets the requirements of the statute. Sharvy v. Commissioner, 67 T.C. 630, 634 (1977) aff'd 566 F.2d 1118 (9th Cir.1977); Tax Ct.R. 142(a). The taxpayer must establish his taxable income for the four base years from which the average is to be computed, and even if the statute of limitations has run on those years, the average is to be calculated from the correct taxable income during the base years, not the reported and possibly incorrect income, which can no longer be challenged directly. Sivils v. Commissioner, 86 T.C. 79, 84 (1986).
 
 
 10
 In this case, the Ehrlichs' pleadings in the tax court claimed that they were entitled to tax relief from income averaging. However, only upon a motion for reconsideration did they provide the tax court or the Commissioner with any documentation to support this contention.
 
 
 11
 The document provided did not meet the Ehrlichs' burden to show their correct taxable income over the computation period. While the Commissioner admits that the document was apparently prepared by the Internal Revenue Service, it is simply a single page worksheet prepared for purposes of a different settlement that was never executed. The Ehrlichs have provided no foundation to show the source of the figures used in that document, and no explanation as to whether those figures represent their correct income over the relevant time frame.
 
 
 12
 Kelley v. C.I.R., 877 F.2d 756 (9th Cir.1989), does not aid the Ehrlichs' cause. In that case, the court held that taxpayers who had no notice that the Commissioner challenged their use of income averaging would be allowed to amend their petition so that they could plead entitlement to income averaging. Id. at 761. In this case, the Ehrlichs unquestionably had such notice and did plead entitlement to income averaging. Their claim fails because they did not provide sufficient evidence to support that claim.
 
 
 13
 AFFIRMED.
 
 
 
 *
 Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3