Anthony B. Cataldo and Ada W. Cataldo v. Commissioner.
Cataldo v. Commissioner
Docket No. 2638-68.
United States Tax Court
T.C. Memo 1971-219; 1971 Tax Ct. Memo LEXIS 109; 30 T.C.M. (CCH) 934; T.C.M. (RIA) 71219; August 31, 1971, Filed. Anthony B. Cataldo, pro se, 52 Wall St; New York, N. Y. Steven B. Nagler, for the respondent. QUEALY
Memorandum Findings of Fact and Opinion QUEALY, Judge: The respondent has determined a deficiency of $2,525.82 [1] in the Federal income tax return filed by petitioners for the calendar year 1966. Further, he has determined an addition to tax against petitioners in the sum of $126.29 under section 6653(a). [2] Prior to trial, the parties entered into an oral argreement which disposed of many issues concerning expenses deducted by the petitioner on his return. The issues remaining for our decision are: (1) Were funds received and held by Anthony B. Cataldo *110 on behalf of his clients gross income to petitioners where such funds were commingled in an account with his personal funds? (2) Did any part of certain funds received by Anthony B. Cataldo for services rendered represent reimbursements for expenses under section 162, or did such expenses claimed by petitioners constitute gross income under section 61? (3) Did petitioners realize additional gross income due to fees received for 935 services to clients but not reported on petitioners' return? (4) Are petitioners liable for the addition to the tax provided for in section 6653 (a)? Findings of Fact Petitioners Anthony B. Cataldo and Ada W. Cataldo are cash basis taxpayers who reside in Forest Hills, New York. For the calendar year 1966, they filed their joint Federal income tax return with the district director of internal revenue, New York, New York. Ada W. Cataldo is a party to this proceeding solely by virtue of having filed *111 a joint Federal income tax return; consequently, Anthony B. Cataldo will hereinafter be referred to as petitioner. For many years, including the year 1966, petitioner has been a practicing attorney in the State of New York. During the year in question, petitioner, in the course of his professional practice, received many payments pursuant to legal accounts handled on behalf of clients. Upon receipt of each such payment, he claimed a percentage thereof as a fee for legal services. This fee varied, depending upon the particular account. However, on his return, in each and every case, petitioner claimed as legal fees 25% of the total amount received. In addition to the amount set aside as a legal fee, petitioner claimed a percentage of each such payment as reimbursement for expenses incurred by him in the course of the handling of the account. The remainder of such payments was held by petitioner on behalf of the client, to be paid out at a later time. These payments often took place some months after the receipt of the funds by petitioner. In three instances, funds received in 1966 were not paid out until 1967. Petitioner maintained only one checking account. In this account, he *112 deposited all monies received by him. He did not distinguish between deposits made for fees from his practice and monies received on behalf of clients to which he owed a duty to account. On his income tax return for 1966, petitioner also claimed to have incurred various items of expense. Respondent, in his deficiency notice, objected to the deductibility of many of these expenses. Prior to and during trial, the parties entered into an oral agreement relating to the disputed items. The agreement provides as follows: (1) Concerning the $4,865.96 that was disallowed by respondent from a total of $8,891.87 claimed by petitioner as deductible expenses for "professional and legal fees": (a) Petitioners will not be allowed to deduct $2,259 of the $2,519 claimed as a deduction for "Atlantic Beach Club dues and expenses;" (b) Petitioners will not be allowed to deduct $628 of the $668 claimed as a deduction for "West Side Tennis Club dues and expenses;" (c) Petitioners will not be allowed to deduct the $216 claimed as a deduction for "Statler Hilton;" (d) Petitioners will be allowed to deduct the remainder of the $4,865.96. (2) Petitioners will only be allowed to deduct one-fifth *113 of their home rent, instead of the one-half home rent deduction that they claimed on their return; (3) Petitioners will only be allowed to deduct one-fifth of their home utilities, as compared with the one-half home utilities deduction that they claimed on their return; (4) Petitioners will not be allowed to deduct $2,114.11 of the $2,239.48 claimed as a deduction for "Salaries and Wages;" (5) Petitioners will not be allowed to deduct $290.80 of the $1,218.69 claimed as a deduction for "stationery, etc.;" (6) Petitioners will be allowed to deduct the entire amount of the $270.35 claimed as a deduction for "contributions;" (7) The entire amount of the $122.40 claimed by petitioners as a deduction for "taxes" will be disallowed because petitioners have already taken this deduction. Opinion Except as regards the determination of a penalty tax by respondent, all the issues presented for decision concern the manner in which petitioner conducted his business as an attorney. At various times during the year in question, petitioner received payments in regard to legal matters in which he had represented clients. Each time that he received such payment, petitioner deposited *114 the funds in his checking account. A part of the funds was considered by petitioner to be payments for legal services rendered to the client. Another part of such monies was considered by petitioner to be reimbursement for expenses incurred by him in handling the legal matter for the client. The remainder of the funds was held by petitioner on behalf of the respective clients. He was obligated to pay out these latter amounts. 936 Initially, the respondent argues that the amounts received by petitioner as reimbursed expenses were income to him in 1966. In response, petitioner claims that these payments were reimbursements for advances he made on behalf of clients during a period of several years, and that he had not taken deductions for these advances in previous years. However, he offers no evidence to support this contention. In fact, he did not even keep an account on his books to reflect these receivables. In the absence of any supportive evidence, we must find that the petitioner has failed to satisfy his burden of proving that he did not deduct these expenses in prior years. Therefore, we hold that any so-called "reimbursement" constituted gross income to petitioner in *115 1966. Respondent also contends that petitioner has neglected to report in his return all amounts earned by him as fees from the matters which he handled as an attorney. In effect, petitioner has conceded the correctness of this contention. On his return, petitioner reported a 25% fee for each of the matters in question. However, in his testimony and in evidence submitted on his behalf at trial, petitioner admitted that these fees varied from 25% to 33 1/3%, depending upon the particular case. Therefore, we find that $427.48, the difference between the actual fees as shown by the evidence and the 25% fees claimed by petitioner on his return, is additional gross income to petitioners in 1966. Next, respondent contends that amounts which were held by petitioner on behalf of clients and which had been received in 1966 but not paid until 1967 constitute gross income to petitioners for the year 1966. He takes the position that petitioner's commingling of these funds with his own personal account gave him the opportunity to apply such funds for his own benefit. Consequently, the respondent concludes that such funds were income to petitioner when received in 1966. Respondent allowed a *116 corresponding deduction for funds paid out in 1966. However, he refused to allow such deductions for funds received in 1966, but not paid out until 1967. We do not agree with respondent. It is true that petitioner held in one account all monies he received, regardless of whether such monies were his own or were held on behalf of clients. However, while this method was highly irregular, the record shows that petitioner never considered the funds held on behalf of clients to be his own. Moreover, he did not treat them as such. He held these funds, in effect, as an escrow agent. Since he did not receive the funds as income, and since he did not treat them as income, we find no basis on which to hold them as income to petitioner in 1966. The last issue concerns the determination of a penalty tax by respondent under section 6653(a). Respondent claims that the mistakes made by petitioners on their return were due to negligence or intentional disregard of the rules and regulations. Consequently, concludes respondent, they are liable for the addition in tax provided for by section 6653(a). Section 6653(a) provides: (a) NEGLIGENCE OR INTENTIONAL DISREGARD OF RULES AND REGULATIONS WITH *117 RESPECT TO INCOME OR GIFT TAXES. - If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. This Court has consistently ruled that if any part of the underpayment is due to negligence or intentional disregard of rules and regulations, the entire amount of the underpayment is subject to the penalty. See, e.g., , affirmed (C.A. 10, 1962); . In this case, there can be no doubt but that the failure by petitioner to report all the fees earned by him as income in his return was due to negligence or intentional disregard of the rules and regulations; thus, we find that petitioner is subject to an additional tax under section 6653(a), such additional tax to be measured by the difference between the tax liability of petitioner as determined by this opinion and the *118 amount shown on his return. See In addition to determining additions to petitioner's tax liability as a result of his treatment of funds received by him in his business as an attorney, respondent determined that several of the deductions taken by petitioners on their return should be disallowed. Prior to and during trial, the parties entered into an oral agreement 937 concerning the deductibility of these items. Despite petitioner's objections to the contrary, we consider this agreement to be binding; and we will abide by its provisions. Decision will be entered under Rule 50. Footnotes
1. In view of the commissioner's own figures in his explanation of the deficiency statement, the correct amount should be $2,525.80. ↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩