**Anthony B. CATALDO and Ada W. Cataldo, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 411, Docket 72-1595.**

United States Court of Appeals, Second Circuit.

Argued Jan. 24, 1973.

Decided March 27, 1973.

Anthony B. Cataldo, New York City, for appellants.

Joseph M. McManus, Washington, D. C. (Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Bennett N. Hollander, Tax Division, Department of Justice, Washington, D. C., on the brief), for appellee.

Before MOORE, HAYS and MANSFIELD, Circuit Judges.

PER CURIAM:

This is an appeal from a decision of the United States Tax Court, 30 T.C.M. 934 (1971), which determined that there was a deficiency in the amount of $1,467.91 in the income tax returns of the taxpayers-appellants for the calendar year 1966. The Tax Court also imposed a penalty of $73.40 for the negligence of the taxpayers in keeping their books and records and in preparing their returns (Section 6653(a)[1] of the Internal Revenue Code of 1954). We affirm.

Appellant Anthony Cataldo[2] is a cash basis taxpayer who has been a practicing attorney in New York State for many years. During 1966 Cataldo received a number of payments of amounts due on behalf of clients. From such payments Cataldo deducted his legal fees. On his income tax return for 1966 Cataldo reported each such deduction as a legal fee equal to 25 per cent of the total amount of money received. Cataldo claimed that an additional amount from each of the payments received on behalf of clients was "reimbursement" for expenses incurred in previous years in the handling of the matters for which the payments were made. The remainder of the payments after the deductions for legal fees and for expenses was paid out to the clients in whose behalf the payments were made.

On his 1966 tax return appellant Cataldo also claimed certain items as deductions for expenses incurred in the ordinary course of his business. The Commissioner objected to these deductions. The Commissioner contends, and the Tax Court agreed, that prior to the trial of this case the taxpayer and the Commissioner entered into a binding oral agreement regarding the disputed deductions for expenses. Cataldo claims that no such binding agreement exists.

The Tax Court found that the taxpayer had unreported income in the amount of $427.48 representing the difference between the amount shown by the evidence actually to have been deducted as legal fees and the 25 per cent deductions reported. The Tax Court also disallowed the deduction of income of $1,327.37 reported as "reimbursement" for expenditures on behalf of his clients. Finally, the Tax Court upheld the imposition of a 5 per cent negligence penalty—amounting to $73.40—pursuant to Section 6653 (a) of the Internal Revenue Code of 1954.

Taxpayer's motions for reconsideration of the findings of fact and for a new trial were denied and this appeal followed. We affirm the challenged findings of the Tax Court.

The taxpayer has virtually conceded that he failed to report $427.88 of the amount he received as legal fees.

The taxpayer on his current returns deducts his expenses in handling his legal accounts as these expenses occur and does not wait to charge these

---

1. Section 6653(a) reads in pertinent part:
"Section 6653. *Failure to pay tax*
(a) *Negligence or intentional disregard of rules and regulations with respect to income or gift taxes.*—If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income tax and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment."

2. Appellant Ada Cataldo is a party to these proceedings solely by virtue of having filed a joint Federal income tax return with her husband Anthony Cataldo. Therefore, Anthony Cataldo will be referred to in this opinion as the taxpayer.

amounts against the payments when they are received in subsequent years. The Commissioner claimed that Cataldo had already deducted his expenses in the years prior to 1966 when the expenses were incurred and that his deduction of the expenses from payments received in 1966 was an unjustifiable duplication. Since the taxpayer failed to prove (for example by presenting his returns for prior years) that the reimbursements were not duplicative, the Tax Court's determination in favor of the Commissioner on this issue must be affirmed.

■ The record is clear that on February 23, 1971, the parties agreed to settle the question of the amounts of certain disputed expense deductions claimed by the taxpayer. There was no suggestion that the agreement was contingent upon the settlement of all of the issues in the case as the appellant vigorously argues. We therefore find that the agreement was valid and binding on the taxpayer.

■ Finally, there is ample evidence in the record to support the Commissioner's claim that the taxpayer was negligent in keeping books and records and in preparing his income tax returns and to sustain the imposition of the penalty provided by Section 6653(a).