SANDRA SENNETT AND WILLIAM SENNETT, PETITIONERS v.
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

WILLIAM SENNETT, PETITIONER v. COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT

Docket Nos. 4861–71, 4900–71.    Filed February 13, 1978.

*Paul J. Sax, Dean E. Criddle,* and *George G. Wolf,* for the petitioners.
*Peter D. Bakutes,* for the respondent.

HALL, *Judge:* Respondent determined the following deficiencies in petitioners' income taxes:

| Docket No. | Year | Deficiency | Sec. 6653(a) addition to tax |
|---|---|---|---|
| 4900–71 | 1967 | $99,092 | $4,955 |
| 4861–71 | 1968 | 12,112 | 606 |

At issue is whether under Rule 121, Tax Court Rules of Practice and Procedure, petitioners' motions for summary judgment should be granted because petitioners and respondent agreed to be bound in this case by the outcome in *Abraham v. Commissioner,* 33 TCM 81, 43 P-H Memo T.C. par. 74,019 (1974), which case was decided for the taxpayer (and hence for petitioners herein) and against respondent.

## FINDINGS OF FACT

Petitioners resided in California at the time they filed their petitions.

The contested deficiencies in these cases result from respondent's denial of certain deductions to Professional Properties Partnership (PPP), a partnership of which petitioner William Sennett was a member. Respondent disallowed PPP's claimed deductions for interest, depreciation, management fees, cost of sales, and professional services. Respondent also asserted that petitioner William Sennett's 1967 contributions to PPP capital were not bona fide.

The resulting deficiency determinations were the subject of the case of *Abraham v. Commissioner, supra,* which was litigated in a representative capacity on behalf of all PPP partners. In that case this Court held for the taxpayer. These motions for summary judgment seek to apply to petitioners the final decision in *Abraham.*

Petitioners have filed a motion for complete summary judgment in docket No. 4900–71. A motion for partial summary judgment has been filed with respect to docket No. 4861–71 because one relatively minor PPP issue remains contested. The final decision in *Abraham* provided for that issue (whether PPP received additional income from L.E.A. Citrus, Inc., in 1968) to remain open in all other cases.

Petitioners do not contest three additional assessments whereby respondent added $961 to petitioners' income for 1968 for overlooked State income tax refunds, reduced petitioners' casualty loss claim for 1968 by the first $100, and disallowed petitioner William Sennett's claim for 1967 of a distributive share of partnership loss of $785 in excess of his capital contribution.

## OPINION

This case is one of a group of cases involving identical issues of fact and law. Petitioners in each of these cases, including petitioner William Sennett, were partners in Professional Properties Partnership (PPP), a California partnership, and the sole issues in question involve adjustments by respondent to the partnership income for partnership taxable years 1967 and 1968. Petitioner William Sennett and the other partners agreed in open court that the common issues would be tried but once, in

the "test case" of *Abraham v. Commissioner,* 33 TCM 81, 43 P-H Memo T.C. par. 74,019 (1974), and that all parties would be bound by the final decision of this Court in that case.

In *Abraham v. Commissioner, supra,* we reversed respondent's determination and held that there was no deficiency. Petitioners now move for summary judgment, relying on respondent's stipulation that he would follow *Abraham* here. Respondent resists this motion, asserting that the decision in *Abraham* resulted from fraud practiced on the court in that petitioners' then counsel assertedly induced respondent's counsel to stipulate to certain untrue facts respecting the ownership of the Santa Maria Shopping Center. However, respondent has made no move to overturn the decision in *Abraham* itself.

We grant the motions for summary judgment. Our decision in *Abraham* has become final, pursuant to section 7481 of the Internal Revenue Code. We have not yet decided the extent of the fraud alleged to have been perpetrated on the Court which would suffice to permit reopening of a final decision. *Taub v. Commissioner,* 64 T.C. 741 (1975). However, had an appropriate motion been timely brought by respondent in *Abraham* to reopen that case on the grounds of such fraud, it is clear that respondent would have been given the opportunity to seek to prove such fraud. Were we to deny him such an opportunity, appeal would lie (by virtue of Abraham's California residence) to the Court of Appeals for the Ninth Circuit, which has held that a Tax Court decision may be reopened even after it becomes final in a case of fraud on the court. *Toscano v. Commissioner,* 441 F.2d 930 (9th Cir. 1971). See also *Kenner v. Commissioner,* 387 F.2d 689 (7th Cir. 1968). Accordingly, faced with the issue, this Court would presumably have been required to entertain such an offer of proof, either under our decision in *Golsen v. Commissioner,* 54 T.C. 742 (1970), affd. on the substantive issue 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971), or on the basis of a determination that we were in agreement with *Toscano* on the merits. Whether respondent's lengthy delay after discovery of the alleged fraud in *Abraham* would prove fatal to his chance to have it overturned is a matter we do not consider here. If so, it is a problem respondent has brought on himself. We need not, therefore, decide at this point our position on the *Toscano* question, since it suffices to say that if fraud on this Court was indeed perpetrated in *Abraham,* respondent will have

or, but for his delay, would have had, the opportunity to prove that fact in that case.

Although it has been 4 years since *Abraham* was decided and 11 months since respondent first alleged fraud on the Court, respondent has to date made no move to have *Abraham* set aside. Instead he seeks merely to be relieved of his stipulation in these cases and thereby to escape the summary judgment which would otherwise lie herein.

It is our opinion that it is not appropriate for this Court to permit its judgment in *Abraham* to be subjected in this proceeding to collateral attack when respondent has not yet utilized his available opportunity to attack it directly. Since *Abraham* was the agreed "test" case and since petitioners herein were represented by the same counsel as Mr. Abraham, any fraud on the Court by that counsel on behalf of Abraham would be fraud on the Court on behalf of petitioners herein. Since petitioners herein are, like Abraham, residents of California, unless respondent's delay in *Abraham* proved fatal, respondent will have his chance to have our judgments herein set aside if they prove to be the fruit of such fraud, even if they otherwise have become final. *Toscano v. Commissioner, supra.* In the meantime *Abraham* stands, respondent has done nothing to impeach it directly, and we see no need to permit retrial here on issues which were settled therein until and unless *Abraham* itself has been overturned for such fraud. If *Abraham* is so overturned, the altered result will bind petitioners here under the same stipulation on which petitioners are entitled to rely until such event.

*Appropriate orders and decisions will be entered.*