LEWIS VERNON CAGLE AND STEPHANIE CAGLE, AND C. EVERETT AND JOYCE ALGER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cagle v. Commissioner
Docket No. 22005-88.
United States Tax Court
T.C. Memo 1990-593; 1990 Tax Ct. Memo LEXIS 668; 60 T.C.M. (CCH) 1278; T.C.M. (RIA) 90593; November 20, 1990, Filed *668 An appropriate order and decision will be entered. James E. Bachman, for the petitioners Cagle. Jeffrey W. Meyers, for the petitioners Alger. J. Anthony Hoefer, for the respondent. GERBER, Judge. GERBER
MEMORANDUM OPINION The Cagles and Algers originally joined in a single petition in which each set of petitioners made separate allegations of error with respect to separate determinations of respondent. The Cagles have entered into a settlement stipulation regarding their assignments of error. With respect to the Algers, their sole assignment of error concerns the timeliness of respondent's notice of deficiency, a controversy which presents the sole issue remaining in dispute. Respondent filed a motion for summary judgment with respect to whether his notice of deficiency was timely mailed to the Algers (hereinafter referred to as petitioners). Although petitioners and respondent had entered into an "open-ended" agreement (Form 872-A) to extend the period for assessment, petitioners allege and argue that respondent delayed too long between the conclusion of the events necessitating the agreement to extend and the mailing *669 of the notice of deficiency. Respondent, on June 24, 1988, mailed petitioners a notice of deficiency determining a $ 14,603 income tax deficiency for petitioners' 1976 taxable year. Petitioners filed their 1976 Federal income tax return on or before April 15, 1977. During the taxable year 1976, Everett Alger (hereinafter referred to as petitioner) was a limited partner in Peppertree Apartments III, Ltd., which was selected for examination by respondent. The examination resulted in a proposed deficiency and petitioners protested. Thereafter, respondent's appeals office in Omaha, Nebraska, upheld the examiner's proposed deficiency. Subsequently, a representative of petitioner and three other limited partners proposed that one of the limited partner's cases (other than petitioners') be chosen as a test case with respect to the issue raised in the partnership examination and that the remaining limited partners' cases be "place[d] in suspense." It was also agreed that the outcome of the test case would govern those cases held in suspense. The test case was decided adversely to the limited partner by the United States Claims Court, 3 Cl. Ct. 316 (1983), and affirmed *670 by the Federal Circuit on August 1, 1984, Vaughn v. United States, 740 F.2d 941 (Fed. Cir. 1984). In order to facilitate the extension of the period for assessment during the examination and pendency of the test case, respondent and petitioners entered into two consent agreements. The first agreement, which extended the period for assessment to December 31, 1980, was entered into on November 13, 1979, less than 3 years after petitioners' 1976 income tax return was filed. On November 10, 1980, respondent and petitioners entered into an open-ended consent agreement which extended the period for assessment to the 90th day following the occurrence of specified events. None of the events specified in the agreement occurred. From the time of the affirmance of the result in the test case by the Federal Circuit Court of Appeals during 1984, until June 24, 1988, when respondent mailed a notice of deficiency to petitioners, there was little or no activity regarding petitioners' case. Legal Discussion
Summary Judgment - Rule 121(b) of this Court's Rules of Practice *671 and Procedure provides that summary judgment is available to the parties, if it is shown "that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." See also Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact and that he should prevail as a matter of law. Naftel v. Commissioner, supra. In considering a summary judgment motion, we construe the facts in a manner most favorable to the party against whom summary judgment is sought. Naftel v. Commissioner, supra.Respondent has shown that there is no genuine issue as to any material fact. Petitioners offer a two-pronged argument in support of their position that respondent was untimely in his mailing of the notice of deficiency. First, petitioners argue that, between the time the Court of Appeals for the Federal Circuit affirmed the Claims Court and the present time, the Supreme Court decided a case which would have caused a favorable result in Vaughn v. United States, supra. See Commissioner v. Bollinger, 485 U.S. 340 (1988). *672 Second, and in conjunction with the first point, petitioners argue that even if the Supreme Court had not rendered its opinion in Commissioner v. Bollinger, supra, respondent's delay following the affirmance by the Court of Appeals for the Federal Circuit was unreasonable and rendered the notice of deficiency untimely and/or invalid. Timeliness of the Notice of Deficiency - The question of whether the delay, per se, would result in an invalid or untimely notice of deficiency has been recently addressed in a Court-reviewed opinion, Estate of Camara v. Commissioner, 91 T.C. 957 (1988). In that case, which involved facts similar to those before us, we held that open-ended consents to extend the period for assessment do not expire by operation of law after a reasonable time. Likewise, the Court of Appeals for the Tenth Circuit was in "substantial agreement" [1] with the principle of Estate of Camara v. Commissioner, supra.Wall v. Commissioner, 875 F.2d 812 (10th Cir. 1989). In Wall, the series of consents *673 extended the period for assessment over 10 years and the notice of deficiency was mailed 5 years after the parties had entered into the open-ended consent. See also Stenclik v. Commissioner, 907 F.2d 25 (2d Cir. 1990), affg. a Memorandum Opinion of this Court. There is nothing about this case which would cause us to vary from our holding in Estate of Camara v. Commissioner, supra. Petitioners did not attempt to terminate the consent agreement or take any action to prompt respondent to act sooner. Moreover, the consents were executed, at least to some degree, because of petitioners' desire to be bound by the outcome of the test case without the *674 need to file a petition in this Court or to pursue litigation in another forum. The only matter for which petitioners have alleged error with respect to respondent's determination is its timeliness. Intervening Supreme Court Precedent - Petitioners contend that Commissioner v. Bollinger, supra, should govern their case, even though they do not deny that they had agreed to be bound by the final outcome of Vaughn v. United States, supra, which was decided adversely to petitioners and is final. Conversely, respondent argues that Bollinger would not change the outcome of this case because Bollinger is factually distinguishable from Vaughn and that, irrespective of Bollinger, petitioners are bound by the outcome of Vaughn. In a similar situation, the Commissioner attempted to collaterally attack a test case to which the parties had agreed to be bound and we held that he could not do so. Sennett v. Commissioner, 69 T.C. 694 (1978). In a similar vein, we held in Abatti v. Commissioner, 86 T.C. 1319 (1986), affd. 859 F.2d 115 (9th Cir. 1988), that taxpayers who had *675 agreed to be bound by the lead case and did not appeal were bound by the outcome of the test case in our Court, even though the opinion in the test case was later reversed by a Circuit Court of Appeals. These cases are based, in part, on the premise that the decisions had become final and that the parties were bound by the outcome of the test case unless they could show "fraud on the court." In this instance, however, petitioners' case is still pending and they are also bound by the outcome of Vaughn. We first consider the holding in Vaughn and Bollinger to determine whether, as respondent argues, they are factually distinguishable. If they are distinguishable, it will be unnecessary to decide whether petitioners have the right to attack or appeal the Vaughn case because we would reach the same result. In Bollinger v. Commissioner, this Court held in a Memorandum Opinion (T.C. Memo. 1984-560) that a corporation was holding title to property as a nominee or agent of a partnership and that the partnership was entitled to losses attributable to the property. The Court of Appeals for the Sixth Circuit affirmed, 807 F.2d 65 (6th Cir. 1986), and finally, *676 the Supreme Court affirmed the lower courts, 485 U.S. 340 (1988). In that case, the corporate entity was disregarded for tax purposes because of the factual findings that it acted as nominee and agent for the partnership. The Supreme Court placed emphasis on the fact that the corporation was formed principally to avoid violation of the usury laws in the State of Kentucky. In Vaughn the Claims Court, using a similar analysis to that used in Bollinger, decided that the corporation was not the nominee or agent of the partnership and that the corporate entity was not to be disregarded for Federal tax purposes. 3 Cl. Ct. 316 (1983). Likewise, the Court of Appeals for the Federal Circuit affirmed the Claims Court holding that the corporation which held title to the property did not do so as an agent of the partnership. 740 F.2d 941 (Fed. Cir. 1984). The courts in Vaughn and Bollinger analyzed long-established principles which had been decided in the case of National Carbide Corp. v. Commissioner, 336 U.S. 422 (1949), and Moline Properties v. Commissioner, 319 U.S. 436 (1943). A review of the *677 opinions in Vaughn and Bollinger leads us to the understanding that both are factually oriented and that they exist in harmony as to legal principle because they are factually distinguishable. Petitioners' contention that the holding or rationale in Bollinger would change the outcome of Vaughn is incorrect. The Bollinger opinion would not change the outcome of petitioners' case. Accordingly, it is unnecessary to consider whether a subsequent legal principle would vary the outcome of petitioners' agreement to be bound to the test case. Respondent's Motion For Summary Judgment will be granted with respect to petitioners Alger and deemed moot with respect to petitioners Cagle. To reflect the foregoing, An appropriate order and decision will be entered.
Footnotes
1. In dicta, the Court of Appeals did not want to exclude the possibility that the Government could be barred in certain egregious circumstances, i.e., "when the IRS has made no contact with a taxpayer for twenty years after a Form 872-A was executed." Wall v. Commissioner, 875 F.2d 812, 813↩ (10th Cir. 1989).