WILLIAM J. WEAGLEY AND VICTORIA L. WEAGLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; ARTHUR F. FATUM AND EVELYN M. FATUM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Weagley v. Commissioner
Docket Nos. 13108-89, 3875-90
United States Tax Court
T.C. Memo 1991-235; 1991 Tax Ct. Memo LEXIS 264; 61 T.C.M. (CCH) 2738; T.C.M. (RIA) 91235; May 29, 1991, Filed *264 Petitioners' motion will be granted and decisions will be entered in the amounts of the stipulated deficiencies. When this case was called for trial, counsel for the parties stated that a basis for settlement had been reached. Respondent's counsel then proceeded to read into the record stipulated deficiencies. Respondent's counsel mentioned a closing agreement to be entered into but did not expressly condition the stipulation on execution of that agreement. Petitioners refuse to execute the closing agreement, claiming that it deals with matters as to which they have not agreed. Petitioners have moved for entry of decision based on the deficiencies stipulated on the record. Respondent objects. Held: Petitioners' motion will be granted and decisions entered. Respondent stipulated without condition to the deficiencies read into the record. Respondent must bear the risk of any ambiguity resulting from the settlement agreement read into the record by his counsel. Monica N. Hall, for the petitioners. Elizabeth S. Henn, for the respondent. HALPERN, Judge. HALPERN
MEMORANDUM OPINION On December 28, 1990, we filed, as a Motion for Entry of Decision, petitioners' *265 motion requesting the Court to order the parties to execute a decision document. On January 28, 1991, we filed, as a Response to Motion for Entry of Decision, Respondent's Motion in Response to Petitioners' Motion for Entry of Decision. We also received petitioners' Response to Respondent's Motion. By their Motion for Entry of Decision, petitioners ask that we enter decisions in accord with the settlement stipulation presented to the Court by the parties. That stipulation was made to the Court, and accepted by the Court, when these cases were called for trial in Baltimore, Maryland, on November 26, 1990. A complete transcript of the hearing with regard to these cases is as follows: THE CLERK: From page 5 of the Calendar, Docket No. 13108-89 and related docket, William J. and Victoria L. Weagley and related Petitioners. MS. HENN: Elizabeth Henn for Respondent. MS. HALL: Monica Hall for Petitioner. THE COURT: Good morning, ladies. MS. HENN: Good morning, Your Honor. The parties have reached a basis for settlement in this case, which I can read into the record. We are not prepared to file decision documents at this time because there is also a closing agreement being executed *266 and the check going to be delivered. THE COURT: Well, that's fine. Do you want 30 days? MS. HENN: That would be sufficient. THE COURT: Okay. Do you want to read the settlement? MS. HENN: In the case of William and Victoria Weagley, which is Docket No. 13108-89, the deficiency for 1983 is going to be $ 2,324. The deficiency for 1984 is $ 2,856. The deficiency for 1985 is $ 2,407. There are no additions to tax. THE COURT: Petitioner, do you agree to that? MS. HALL: Yes. MS. HENN: In the case of Arthur and Evelyn Fatum, which is Docket No. 3875-90, the deficiency in income tax for 1984 is $ 3,635. The deficiency for 1985 is $ 1,047. There are also no additions to tax. THE COURT: Counsel? MS. HALL: Fine. THE COURT: Okay, we'll accept the stipulations and 30 days for decision documents. MS. HENN: Thank you, Your Honor. MS. HALL: Thank you. THE CLERK: The date is December 26th.
On that same date, Ms. Henn (respondent's counsel) gave to Ms. Hall (petitioners' counsel) decision documents setting forth the stipulated deficiencies as read into the record by Ms. Henn. Respondent's counsel now refuses to execute those documents unless petitioners enter into a closing *267 agreement to implement not only adjustments related to the stipulated deficiencies but also adjustments unrelated to those deficiencies and unrelated to any year over which we now have jurisdiction. Petitioners refuse to do so, claiming surprise that the closing agreement deals with anything other than an agreed-to implementation of the agreed-to deficiencies. Petitioners ask us to enter decisions reflecting the stipulated deficiencies described by respondent's counsel in the record as the basis for settling the years at issue. This Court has the power to enforce a settlement stipulation entered into by the parties, whether filed or orally stipulated into the record. See Cataldo v. Commissioner, 476 F.2d 628, 630 (2d Cir. 1973), affg. T.C. Memo 1971-219; Sennett v. Commissioner, 69 T.C. 694, 695-696 (1978); Saigh v. Commissioner, 26 T.C. 171, 176-177 (1956). On the record, respondent's counsel here stated that the parties had reached a basis for settlement; she then described that settlement to the Court and stipulated to the deficiencies for the years at issue. We accepted that stipulation. Although *268 Ms. Henn mentioned a closing agreement to be executed and a check to be delivered, she neither expressly conditioned the stipulated deficiencies on such execution or delivery nor indicated that the closing agreement involved anything other than an implementation of adjustments relating to those deficiencies. Had we understood from Ms. Henn that the parties' stipulation of deficiencies was conditional, we would not have accepted that stipulation and could have proceeded to trial. Accordingly, we conclude that respondent did, by his counsel (Ms. Henn), stipulate without condition to the agreed-to deficiencies. The parties' agreement is not the end of the proceeding, however. Our decision in a case is not rendered until we enter an order into the records of the Court specifying the amount of the deficiency. Sec. 7459(c). * Pursuant to Rule 155, we may withhold entry of a decision for the purpose of permitting the parties to compute the proper amount of any deficiencies resulting from a determination of the issues. Here, no Rule 155 computation was required, the agreed-to deficiencies having been accepted on the record. Thus, instanter, we could have rendered a decision by entering *269 an order specifying those deficiencies. The so-called "decision document" that, at the call of the calendar, Ms. Henn said the parties were not then prepared to file is no more than a draft of the order required by section 7459(c). We need not await that draft, and the refusal of respondent's counsel to sign it is not any impediment to our entering a decision. Nevertheless, we are not now compelled to enter a decision. As we have stated: "The law is well established that a court has some power to set aside a settlement stipulation filed with it but its discretion will not be exercised unless good cause is shown." Saigh v. Commissioner, 26 T.C. 171, 176 (1956). Recently, we considered a request by respondent to be relieved from a settlement agreement because he miscalculated the amount that he would *270 collect under the agreement. Stamm International Corp. v. Commissioner, 90 T.C. 315 (1988). Respondent did not argue that the agreement was not properly authorized or otherwise binding; he simply asserted that, as a matter of contract law, the agreement should be set aside because of his unilateral miscalculation. Id. at 320. In Stamm, we found appropriate a standard more stringent than applicable in determining whether a pretrial order should be modified. Id. at 321. We did so, because the agreement to settle had led to vacation of the trial date and would have led to entry of decisions had respondent not balked. Id. We stated that the appropriate considerations were akin to those involved in vacating a judgment entered by consent. Id. at 321-322. In such cases, the parties are held to their agreement without regard to whether the judgment is correct on the merits. Id. We held that a unilateral miscalculation, in the absence of a damaging misrepresentation by the adverse party, is not a sufficient ground to set aside a settlement agreement. Id. at 320-322. A mistake may be grounds *271 upon which to vacate a judgment. See Fed. R. Civ. P. 60(b)(1); Note, The Consent Judgment as an Instrument of Compromise and Settlement, 72 Harv. L. Rev. 1314, 1324-1325 (1959). The test is one of whether a contract would be subject to avoidance under the same circumstances. See Saigh v. Commissioner, supra at 177 ("a settlement stipulation is in all essential characteristics a mutual contract by which each party grants to the other a concession of some rights as a consideration for those secured and the settlement stipulation is entitled to all of the sanctity of any other contract."); Note, 72 Harv. L. Rev. at 1324-1325. Here, respondent's counsel may have misunderstood the consequences of her stipulation of deficiencies, believing those stipulations to be conditional upon an executed closing agreement. That understanding is inconsistent with the conclusions we have drawn from the settlement read into the record by respondent's counsel herself. Thus, respondent's counsel may have made a mistake in not specifically conditioning acceptance of the stipulated deficiencies on execution of a closing agreement. As respondent's *272 counsel served in essence as draftsman of the settlement reflected in the record, respondent properly must bear the risk of any ambiguity as to the settlement terms. See 1 Restatement, Contracts 2d, Chap. 6 ("Mistake") and, in particular, sec. 154 ("When a Party Bears the Risk of a Mistake") (1981). We conclude that a contract would not be subject to avoidance under the circumstances here extant. For the same reasons, we conclude that a judgment entered by consent in those same circumstances would not be vacated. Finally, although not a determinative factor, we have considered the consequences were we to deny petitioners' Motion for Entry of Decision. We would be required to continue these cases, and once again they would be set for trial. Possibly, or perhaps probably, the parties would settle, making a trial unnecessary. Nevertheless, additional costs would be imposed on both parties and the Court. Since our resources are limited, we are hesitant to expend them where, if respondent wished to condition settlement of the docketed years on receipt of an executed closing agreement, respondent should have secured such agreement prior to calendar call or, at the least, announced *273 to the Court at calendar call that respondent was then unwilling to settle the docketed years because the preconditions to settlement had not yet been met. For the reasons stated, Petitioners' motion will be granted and decisions will be entered in the amounts of the stipulated deficiencies. Footnotes
*. Unless otherwise noted, all section references are to the Internal Revenue Code of 1986 as amended and now in effect, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩