BETTE LEE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lee v. Commissioner
Docket No. 9663-88
United States Tax Court
T.C. Memo 1993-254; 1993 Tax Ct. Memo LEXIS 257; 65 T.C.M. (CCH) 2928; June 9, 1993, Filed *257 Bette Lee, pro se. For respondnet: Linda Wise. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case is assigned to Special Trial Judge Joan Seitz Pate pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PATE, Special Trial Judge: In a notice of deficiency issued on April 6, 1988, respondent determined the following deficiencies in petitioner's Federal income taxes and additions to tax: Additions to Tax
Year
Deficiency
Sec. 6653(b)
Sec. 6654
1978
$ 48,233
$ 24,116
--  1979
72,336
36,168
--  1980
19,959
9,979
$ 1,272
1981
13,265
6,633
1,016
Petitioner contested all of the deficiencies in tax and additions to tax in a petition filed with this *258 Court on May 9, 1988. Petitioner resided in Mississippi at the time she filed the petition. Respondent filed an answer on June 30, 1988, and, pursuant to an order of this Court, petitioner filed a reply on October 25, 1988. This case was called for trial at 10 a.m. on February 12, 1993, in Biloxi, Mississippi. At that time, the parties announced that the case was to be tried but that they needed additional time to more completely organize their case. The case was recalled at 1:54 p.m. at which time respondent announced that the parties had agreed to settle this case on the following terms: For 1978, there will be a tax deficiency of $ 40,000 and a penalty under IRC Section 6653(b) in the amount of $ 20,000. For 1979, there will be a tax deficiency of $ 65,000, and an IRC Section 6653(b) penalty in the amount of $ 32,500. In 1980, there will be a tax deficiency of $ 15,000. There will be no penalty under IRC Section 6653(b). There will be a penalty under IRC Section 6653(a) in the amount of $ 750, and a penalty under IRC Section 6651(a)(1) in the amount of $ 3,750. And there will also be the penalty under 6654, which will have to be computed. And for 1981, there *259 will be no deficiency and no penalties.
The Court then asked petitioner, "Do you agree with that settlement, Ms. Lee?" Petitioner responded, "Yes." The Court then ordered the parties to submit a stipulated decision document within 30 days. However, after several communications between the parties, petitioner has now refused to execute the decision document. On March 19, 1993, respondent filed a document entitled Respondent's Motion For Order To Show Cause, requesting therein that the Court enter a decision reflecting the parties' oral stipulation of settlement. We treat such motion as Respondent's Motion For Entry Of Decision. Respondent maintains that we should enter a decision reflecting the terms orally stipulated by the parties because: The settlement agreement of the parties should be enforced absent a showing by petitioner that she relied in good faith on a false, material representation of respondent or that a manifest injustice would result by holding her to the terms of the settlement * * *. Neither of these conditions is present in this case.
Respondent cited Saigh v. Commissioner, 26 T.C. 171 (1956), Stamm Intl. Corp. v. Commissioner, 90 T.C. 315 (1988), *260 Rakosi v. Commissioner, T.C. Memo. 1991-630, and Weagley v. Commissioner, T.C. Memo. 1991-235, in support of the motion. Petitioner filed a response to respondent's motion on March 25, 1993, objecting to our entering a decision on the settlement terms. Rule 91(e) provides, in part: A stipulation shall be treated, to the extent of its terms, as a conclusive admission by the parties to the stipulation, unless otherwise permitted by the Court or agreed upon by those parties. The Court will not permit a party to a stipulation to qualify, change, or contradict a stipulation in whole or in part, except that it may do so where justice requires.
Consequently, we regularly enforce settlement stipulations (whether written or orally stipulated into the record) unless for reasons of justice a party should be relieved from the stipulation. Cataldo v. Commissioner, 476 F.2d 628 (2d Cir. 1973), affg. per curiam T.C. Memo. 1971-219; Saigh v. Commissioner, supra.
Here the record does not reveal any reason why the stipulation, orally *261 read into the record by respondent and agreed to by petitioner, was not fairly or freely entered into by both parties. When the Court asked petitioner whether she agreed with the stipulation, she responded with an unqualified "Yes." Accordingly, the parties' oral stipulations are binding and enforceable. See Cataldo v. Commissioner, supra.
Nevertheless, petitioner now maintains that imposition of the addition to tax under section 6654 for 1980 is improper because she made certain estimated tax payments for 1980 for which she was not given credit, and she was not given credit because she did not receive adequate notice of trial. Therefore, she was unable to retrieve certain files from the bank to support her claim that she made these payments. However, when the case was called from the calendar in Biloxi, Mississippi, at 10 a.m. on February 12, 1993, petitioner did not object to the timeliness of the notice, nor did she move for a continuance to allow her more time to retrieve the relevant documents. Also, she raised no such objection when the case was recalled at 1:54 p.m. Further, we note that petitioner has been aware of the problems with *262 her estimated tax payments since 1988, when respondent determined that she was liable for the section 6654 addition to tax. She has had more than ample opportunity to obtain the information from the bank in the more than 4 years that have elapsed since the issuance of the notice of deficiency. Basically, petitioner is asking us to set aside the stipulation of settlement and now provide her an opportunity to obtain and produce evidence of her estimated tax payments. The record does not contain any reason why petitioner did not make a timely request for additional time when this case was called from the calendar. Moreover, petitioner has not shown why she could not have obtained information regarding these payments during the 4 years she had to do so. Without such a showing, we find no injustice in holding her to the agreement she made to settle this case. Further, although petitioner does not object to any of the reduced tax deficiencies to which she had agreed, she also now objects to the additions to tax under sections 6653(a) and (b) and 6651(a)(1). She claims that, after receiving the proposed decision document from respondent, she familiarized herself with those sections *263 and, as a result, contends that she should not be held liable for these additions to tax because she had good cause for failing to file her 1980 Federal income tax return. She alleges that at the time the return was due, she was recovering from a "life-threatening, debilitating brain injury" so severe as to incapacitate her and preclude her from filing returns. All of petitioner's objections to these additions to tax are premised on the fact that, prior to trial, she did not familiarize herself with the criteria set forth in the applicable statutes. With regard to these additions, in essence, petitioner again is asking for a new trial so that, now that she is apprised of the exceptions to those sections, she may present evidence showing that she is not liable for such additions to tax. However, we again point to the fact that respondent made determinations with regard to these additions to tax in a notice of deficiency sent to petitioner in 1988. Petitioner has known for more than 4 years that those additions to tax were at issue and had more than ample opportunity to familiarize herself with the exceptions to the imposition of those additions to tax prior to trial. We cannot *264 discern any justification for petitioner's failure to become familiar with the applicable law with regard to those sections during that time. [2]
Finally, it is obvious from a comparison of the amounts of the total additions to tax in the notice of deficiency and the amounts agreed to by respondent in the settlement that respondent has agreed to a substantial decrease in petitioner's liability. From this we surmise that petitioner would like to have the best of both worlds. She would like to accept the decreases in deficiencies and additions to tax made by respondent at their settlement conference and, in addition, have the opportunity to present evidence that would further decrease the additions to tax that she has already agreed to. Obviously, if we were to allow petitioner to reopen these proceedings to produce such evidence, respondent would be severely prejudiced. For these reasons, we *265 conclude that petitioner has set forth insufficient reasons to set aside the oral settlement agreement reached by the parties. Accordingly, we will grant respondent's motion for entry of decision and will enter a decision in accordance with the settlement orally stipulated by the parties on the record. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In fact, petitioner should have specifically raised those issues in 1988 when she filed her petition. See Rule 34(b).↩