T.C. Memo. 1999-331

UNITED STATES TAX COURT

MICHAEL R. AND SHEILA OLSEN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8282-98.                    Filed October 1, 1999.

Michael and Sheila Olsen, pro sese.

Daniel J. Parent, for respondent.

MEMORANDUM OPINION

WOLFE, Special Trial Judge:  Respondent determined a
deficiency in petitioners' Federal income tax in the amount of
$600 for the taxable year 1996.

This matter is before the Court on respondent's motion for
entry of decision.  On April 22, 1999, this case was recalled for
trial in San Francisco, California.  After the execution of a

stipulation of facts and several hours of testimony by petitioner Sheila Olsen, the Court called a recess. The parties then met to confer and negotiate in private. When the Court recalled the case, counsel for respondent announced that the parties had reached a settlement. Respondent's counsel read the oral stipulation of settlement into the record as follows:

> Following along the notice of deficiency, there was unemployment compensation of $423, which the petitioners agree belongs in their income. * * * There were Schedule C other expenses of $4,071. The petitioners agree they're not allowed those expenses. There was a depreciation Schedule C expense allowed of $881 to the taxpayer's credit. Petitioners agree they will not take that additional depreciation. And the petitioners agree that they are not entitled to $5,280 of rent that was previously allowed. This will result in an increased deficiency.

Respondent's counsel further noted that there was no penalty in the notice of deficiency, and under the stipulated settlement there still are no penalties. The Court then asked petitioners whether the oral stipulation, as read into the record by respondent's counsel, was satisfactory. Petitioners each replied, "Yes, your Honor."

The Court then ordered the parties to submit a written stipulation for decision within 30 days. The Court further stated that the Court would entertain a motion for entry of decision if the Court did not receive a stipulation for decision. The Court again inquired whether petitioners understood the Court's insistence on a stipulation for decision and its

willingness to entertain a motion for decision.  Petitioners both responded in the affirmative.  The Court then inquired whether petitioners understood the amount of net tax that would result from the agreement.  Sheila Olsen responded:  "Yes.  They told us.  He gave us an idea."

Respondent sent petitioners a proposed decision document supported by a calculation of the deficiency in income tax. Petitioners refused to execute the decision document. Consequently, respondent filed a motion for entry of decision on June 30, 1999.  Respondent contends that we should enter a decision that reflects the terms orally stipulated by the parties.  Respondent submitted a calculation of tax that reflects the specific terms of the settlement on which the parties orally agreed.

Rule 91(e), Tax Court Rules of Practice and Procedure, concerning stipulation for trial, provides in part:

> A stipulation shall be treated, to the extent of its terms, as a conclusive admission by the parties to the stipulation, unless otherwise permitted by the Court or agreed upon by those parties.  The Court will not permit a party to a stipulation to qualify, change, or contradict a stipulation in whole or in part, except that it may do so where justice requires.  * * *

This Court regularly enforces a settlement stipulation (whether written or orally stipulated into the record) unless for reasons of justice a party should be relieved from that stipulation.  See Cataldo v. Commissioner, 476 F.2d 628 (2d Cir. 1973), affg. per curiam T.C. Memo. 1971-219; Adams v.

Commissioner, 85 T.C. 359 (1985); Saigh v. Commissioner, 26 T.C. 171 (1956); Lee v. Commissioner, T.C. Memo. 1993-254.

The record in this case clearly shows that the stipulation was read into the record and agreed to by petitioners and was fairly and freely entered into by both parties. When the Court asked petitioners whether they agreed with the stipulation, petitioners responded, "Yes, your Honor." Petitioners also understood the amount of net tax due resulting from the agreement. The record includes no evidence or reasonable argument to show that justice requires that petitioners be relieved of their stipulation. Accordingly, we hold that the parties' oral stipulation is binding and enforceable. Moreover, we find that respondent's calculation of tax accurately reflects the stipulation that was orally read into the record.

Therefore, we grant respondent's motion for entry of decision and hold that petitioners are liable for a deficiency in income tax for the year 1996 in the amount of $2,045.

To reflect the foregoing,

An appropriate order and decision will be entered.